### TAHONA SMOKELESS COAL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 19381.   Opinion Filed Dec. 4, 1928.

T. T. Varner and Webb Covington, for petitioner.

Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for State Industrial Commission.

Claud Briggs, for respondent.

HUNT, J.  This is an original proceeding in this court to review an award of the Industrial Commission.  The order was entered by the Commission on April 21, 1928, awarding claimant $18 per week for (500) five hundred weeks and commuting the entire amount and ordering  it paid in ten days, in a proceeding wherein respondent herein, W. H. Eslick, sought compensation for an alleged accidental injury sustained by him on August 11, 1927, arising out of and in the course of his employment.  That part of the order of the Commission particularly called to our attention is set out in the brief of petitioner herein as follows:

"That the claimant herein, W. H. Eslick, on August 11, 1927, sustained an accidental personal injury arising out of and in the course of his employment with the said John Kindle, Claude Anderson, and Virge Stroud, and the result of which claimant was permanently and totally disabled."

Petitioners contend there is no evidence whatever to support this finding of total disability.

The sole question presented for our determination is stated in the brief filed by petitioner herein as follows:

"In this cause we present for the determination of this court only one question, and that is the error of the Commission in declaring, without proof to support it, a total disability and awarding the appellee Eslick five hundred weeks' compensation by reason of such disability."

Petitioner urges that the proof herein shows only the loss of the use of leg, and that under paragraph 3 of section 7290, C. O. S. 1921, compensation is fixed in such cases as follows:  "For loss of leg, 175 weeks."

No authorities are cited by petitioner, but only the above-quoted portion of our statute is cited and brief extracts from the evidence of claimant and one of the doctors are called to our attention in an effort to show that the finding of the Commission that the claimant was totally disabled is

without any evidence whatever to support it. This calls for a review of the record on our part, and while the rule is well established that this court will not review findings of fact by the Commission, yet if it appears from the record that the particular award made by the Commission is wholly unsupported by any evidence, this court will reverse the same. United States Zinc Co. v. Little et al., 109 Okla. 214, 235 Pac. 523. This is the only question presented for our determination by this appeal.

An examination of the record discloses that claimant received an accidental injury in the course of his employment as a coal miner in the mine of the Tahona Smokeless Coal Company on August 11, 1927, which, according to the testimony of claimant and Doctor Browning, resulted in injuries to his right hip and left foot. He was confined to his bed for several months, and at the time of the hearing had been out only about ten days and could not get around without the use of crutches. Both the claimant and Doctor Browning testified in detail as to the nature and extent of his injuries, and Doctor Browning testified that "he is totally disabled to do manual labor now and always will be." Neither of these witnesses was cross-examined by respondent and no witnesses introduced nor evidence of any kind offered on behalf of respondent. Respondent company, however, contends that this evidence is conclusive that claimant has only lost the use of his right leg as the result of the injury complained of, and therefore only entitled to the statutory compensation of 175 weeks for loss of leg. On consideration of all the evidence, as disclosed by the record, we are unable to agree with this contention. The order first made on April 21, 1928, was modified on May 5, 1928, by adhering to its former holding of total disability and awarded compensation at the rate of $18 per week for a period of 500 weeks, commuting the last 175 weeks of the 500, requiring a total sum of $2,541.98 to be paid within ten days, and that appellant pay the $18 per week until further orders of the Commission.

The evidence of the two witnesses above referred to, being uncontradicted is ample, in our judgment, to sustain the order and award made herein by the Industrial Commission, and the petition for review and modification of the award must be, and the same is hereby, denied, and the finding and order of the Industrial Commission is affirmed.

All the Justices concur.