## W. E. EDMISTON DRILLING CO. et al. v. RUSSELL et al.

No. 22106. Opinion Filed July 14, 1931.

Rehearing Denied Sept. 15, 1931.

A. J. Follens and Clayton B. Pierce, for petitioners.

Cooke & McBride, A. L. Jeffrey, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the claimant therein, respondent herein.

On the date of October 14, 1930, the respondent executed the employee's first notice of injury and claim for compensation, which was received and filed in the office of the State Industrial Commission on October 16, 1930. It gave the date of the accident as September 12, 1930, 2:00 o'clock p. m., and the cause of the accident as "became overheated through heavy work." The attending physician's report, dated September 22, 1930,

and filed October 24, 1930, stated the cause of the accident to be, "Patient states that he became too hot while working and was seized with acute abdominal cramping and diarrhea." It showed the treatment as "treatment for bowel trouble."

The petitioners filed an answer denying that the respondent was injured by an accident arising out of and in the course of employment, denying that the disability complained of was the result of an accidental injury, and alleging that the respondent had not given proper notice of the alleged injury within a reasonable time, to their prejudice.

At the hearing held on January 2, 1931, the State Industrial Commission, over the objection of the petitioners, permitted the attorneys for the respondent to amend their form 3, employee's first notice, hereinbefore referred to, to show that the respondent was "struck by cement sack filled with cement, the same falling on his back while working." Pursuant to that authority, form 3 was amended to show the cause of the accident to be "sack of cement fell on back—became overheated through heavy work."

The respondent testified that "the sack of cement struck me right there, and shoved me about as far as that shelf there and knocked the breath out of me," and that "about eleven o'clock, as well as I know." He continued to work until about 4:00 o'clock that afternoon, when he sat down in the shade of the office and waited for his son to take him home. He did not tell anyone that evening about the sack of cement hitting him, but he did ask for medical aid. He did not tell the physician about the sack of cement hitting him and he made no statement with reference thereto to anyone until after a representative of the insurance company had talked with him on November 5, 1930.

The form 3 claim blank was prepared by the attorneys for the respondent from the information that he gave them. As we have heretofore stated, there was nothing therein as to any accident other than the claim that the respondent became overheated. On November 5, 1930, a representative of the insurance company talked with the respondent, and the respondent at that time signed a written statement in which he stated that his disability was caused by being overheated on September 12, 1930. No mention was made as to any accident on that date or any other time. The physician who first treated the respondent testified that he treated him for gastroenteritis, and that he never heard of any injury to the back. The second physician who treated him testified that the respondent never at any time gave him any history of

an injury to the back. The foreman of the employer testified and the respondent admitted that the cause of the disability was reported to him as being "overheated." The first he heard of an injury to the back was December, 1930. The manager of the claim department\testified that he talked with the respondent, and that no complaint was made of any injury to the back. In the language of respondent, the report of the injury was:

"A. I told him I would have to have medical aid. Q. Did you tell him about the sack? A. I didn't tell him anything about it. Q. When did you tell him? A. It was after the man come down there. that was representing this insurance company, it was sometime after the man come down there."

The statement to the agent of the insurance company was as follows:

"Chickasha, Okla. 11-5-30.
"Statement given to Forrest Cawley.

"My name is A. W. Russell and I live on 1015 El Reno Ave., Chickasha, Okla. I can always be reached at that address. I am married—have five children. I have been doing labor work for the Edmiston Construction Company at Chickasha off and on for two years. I have always been healthy up until my recent illness. On September 12, 1930, I was unloading a carload of cement for the Edmiston Construction Company in Chickasha. I had a man helping me, but I do not know him. It was very warm that day. We were in a box car and loaded the cement from the car into trucks. When I went to work on the morning of September 12, 1930, I was perfectly well—I did not feel sick in any way and I had been working steady up until that day for two or three months. I did not have any cramps in my stomach or any bowel trouble when I went to work on the morning of September 12, 1930. We unloaded one car and started on another, and we worked with one door shut for perhaps 15 minutes—we had some ice water and I had been drinking quite a bit of it as it was very warm. After working in the second box car with only one door open for about 15 minutes, I suddenly had severe cramps in my legs and up my back and shoulders and in a few minutes they went into my stomach. I did not work any more that day, and the next morning I went to Dr. Emanuel. I was in bed at home for three weeks. Dr. Calvert is now treating me. I am still sore in my stomach and my kidneys bother me. My back hurts me too. I was perspiring very much when I was taken with the cramps. I felt all right until we started to unload the second box car. I am sure that I was well when I went to work on the morning of September 12, 1930. I took sick around four o'clock p. m. As I recall I did not drink much ice water on the day I was taken sick.

"(Signed) A. W. Russell."

Section 7292, C. O. S. 1921, requires notice of an injury to be given the employer "within 30 days after injury." "The notice shall be in writing, and contain the name and address of the employee, and state, in ordinary language, the time, place, nature and cause of the injury, and be signed by him or by a person on his behalf." It further provides that:

"The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

It will be noted that no written notice of the injury was given to the employer, and that the only verbal notice given by the respondent fixed the time at 2:00 o'clock in the afternoon and the nature and cause of the injury as becoming overheated. It was sought to show by the evidence that the injury occurred about 11:00 o'clock in the morning, and that it was caused by the respondent having been struck in the back by a sack of cement. No notice thereof was given the employer until after November 5, 1930.

There is thus presented the question as to whether or not the claim is barred. The State Industrial Commission made no finding with reference to prejudice to the employer or insurance carrier.

In our opinion, the record contains no evidence that either the employer or the insurance carrier was not prejudiced by the failure to give notice of the injury. Had prompt notice been given that the respondent had been struck in the back by a sack of cement, the petitioners could have directed proper medical attention to be given the respondent for the injury sustained to his back. From the notice given, they were justified in furnishing him medical attention only for the condition disclosed by his report. When he appeared before the physicians for medical aid he gave the physicians a history of his case, and stated to them that the cause of his condition was his having been overheated while working. They were justified in assuming that he was telling the truth and in furnishing him medical treatment according to the history that they received. The record shows that the symptoms evidenced by him were entirely compatible with the history of the case as given to them by him.

Had a notice been given of an injury to the back, the petitioners would have had an opportunity to make a prompt investigation of the truth or falsity of the respondent's

claim. They were deprived of that right by reason of the failure of the respondent to give them any information from which they could assume that he had been struck in the back by a sack of cement.

In our opinion the cause is controlled by the rule stated by this court in Oklahoma Natural Gas Corp. v. Baker, 148 Okla. 277, 298 Pac. 875, and the decisions of this court therein cited. In the language of that opinion:

"We see no reason for departing from the former holdings of this court on the question."

The State Industrial Commission did not find that either the employer or the insurance carrier was not prejudiced by failure to give the notice, and, had any such finding been made, it would have been without any competent evidence reasonably tending to support the same.

The order complained of is reversed and the cause is remanded to the State Industrial Commission, with directions to dismiss the claim.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.