## SHAWNEE COTTON OIL CO. et al. v. BUMGARNER et al.

No. 27701. April 13, 1937.

Rehearing Denied May 18, 1937.

104

Butler, Brown & Rinehart, for petitioners.

Paul C. Thorn and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Shawnee Cotton Oil Company and its insurance carrier, as petitioners, to obtain a review of an order and award made by the State Industrial Commission in favor of respondent W. G. Bumgarner.

The sole contention of petitioners is that the award is erroneous as a matter of law.

The State Industrial Commission, on October 14, 1936, entered an order wherein it made the following findings of fact:

"1. That on the 6th day of February, 1935, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury arising out of and in the course of his employment, consisting of an injury to his hip and leg and back.

"2. That the average daily wages of the claimant at the time of the accidental injury was $2 per day.

"3. The commission finds that respondent's motion to suspend compensation as of May 10, 1936, should be sustained, for temporary total disability.

"4. That by reason of said accidental injury claimant has sustained a permanent partial disability and reduction in wage-earning capacity, and is without an earning capacity at this time, and that claimant is entitled to a minimum of $8 per week for a period of not to exceed 300 weeks, subject to reconsideration of the degree of such impairment by the commission on its own motion or by any party in interest."

Pursuant to the above findings the commission awarded the respondent compensation at the rate of $8 per week for a period not to exceed 300 weeks on account of permanent partial disability and reduction in wage-earning capacity. On motion of petitioners requesting the commission to either vacate said award or to make the same more definite and certain, the commission vacated the same on November 15, 1936, and thereafter, on December 9, 1936, entered the order and award which we are now called upon to review. The pertinent portions of this order and award read as follows:

"That on the 6th day of February, 1935, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury arising out of and in the course of his employment, consisting of injuries to his back, hips and right leg.

"2. That the average daily wages of the claimant at the time of the accidental injury was $2 per day.

"3. The commission finds that respondent's motion to suspend compensation as of May 10, 1936, should be sustained, for temporary total disability, and that the disability he now has is permanent in character.

"4. That by reason of said accidental injury, claimant has sustained a permanent partial disability to his back, and as a result thereof claimant has sustained a reduction in his wage-earning capacity and is without earning capacity at this time, and that claimant is entitled to the minimum of $8 per week for a period of not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the commission on its own motion or by any party in interest.

"5. That by reason of said accidental injury, claimant has sustained a 25 per cent. permanent partial disability to his right leg.

"Upon consideration of the foregoing facts, the commission is of the opinion that claimant is entitled to the sum of $350 being 43 and ¾ weeks at $8 per week, for the 25% per cent. permanent disability to the right leg; and in addition thereto claimant is further entitled to compensation at the rate of $8 per week from May 11, 1936, for a period not to exceed 300 weeks, by reason of claimant's permanent partial disability to his back and reduction in wage-earning capacity as a direct result thereof, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon the application of any party in interest."

Petitioners urge that an award of compensation on account of permanent partial disability to a specific member and an award of compensation for permanent partial disability arising under the residual clause of section 13356, O. S. 1931, styled "other cases," is without authority of law to support it. Petitioners have apparently overlooked the decisions of this court to the contrary, as announced in Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. (2d) 873, and Fox v. Brown, 176 Okla. 201, 55 P. (2d) 129. In Eubanks v. Barnsdall Oil Co., supra, this court said:

"Where an injury to a workman results

in permanent partial disability, a part of which disability is manifested by the loss of, or partial or total loss of use of, a specific member, which portion of the disability is capable of classification under the specific disability schedule of section 13356, O. S. 1931, and the remainder of the disability is incapable of such classification, the injured workman is entitled to compensation for the loss of, or partial or total loss of use of, the specific member without regard to the effect thereof upon his earning capacity, and in addition he is entitled to compensation for the unclassified disability under the 'other cases' clause of section 13356, supra, in accordance with the effect thereof on his earning capacity which is not attributable to the loss of a specific member."

The rule announced in the above cases is controlling here, and no error is presented.

The award of the State Industrial Commission is in all respects sustained.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.