## TROUP et al. v. BAKER et al.

No. 28553. Feb. 7, 1939.

Gibson & Savage and Sam Glassman, for petitioners.

Pryor, Sandlin & Wilson, for respondent.

RILEY, J. On the 2nd day of November. 1936, the respondent sustained an accidental injury when he was struck on the right arm and back by a falling ladder, at which time he suffered injuries to his right arm, shoulder, and back. On the 6th day of April, 1938, the State Industrial Commission entered an award for a specific injury to the right arm for 25 per cent. disability, and also found that there was an additional injury to the shoulder, chest, and right arm; that by reason of said accidental injury the respondent has sustained a permanent partial disability and a decrease in his wage-earning capacity, and as a result of the "aforementioned injury", and the resulting permanent partial disability, the respondent is entitled to compensation at the rate of $18 per week during the continuance of such permanent disability, not to exceed 300 weeks.

The State Industrial Commission is authorized to make an additional award where an injured employee has sustained an accidental injury to a specific member if in addition to the disability to the specific member there is a separate and distinct disability which results in a loss of wage-earning capacity. Tahona Smokeless Coal Co. v. St. Indus. Comm., 134 Okla. 123, 274 P. 15; Dillon v. Spanhanks, 139 Okla. 32, 280 P. 1100; Meador & Whitaker Co. v.Davis, 177 Okla. 387, 60 P.2d 753; Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P.2d 873; Fox v. Brown, 176 Okla. 201, 55 P.2d 129; Shawnee Cotton Oil Co. v. Bumgarner, 180 Okla. 103, 67 P.2d 959. In Shawnee Cotton Oil Co. v. Bumgarner, supra, this court said:

"Where an injury to a workman results in permanent partial disability, a part of which disability is manifested by the loss of, or partial or total loss of use of, a specific member, which portion of the disability is capable of classification under the specific disability schedule of section 13356, O. S. 1931 (85 Okla. St. Ann. sec. 22), and the remainder of the disability is incapable of such classification, the injured workman is entitled to compensation for the loss of, or partial or total loss of use of, the specific member without regard to the effect thereof upon his earning capacity, and in addition he is entitled to compensation for the unclassified disability under the 'other cases' clause of section 13356, supra. in accordance with the effect thereof on his earning capacity which is not attributable to the loss of a specific member. Eubanks v. Barnsdall Oil Co., 169 Okla. 31. 35 P.2d 873."

In this contention petitioner contends that the record does not contain any competent evidence that the respondent has a disability to the shoulder and back.

Dr. Taylor, testifying for the respondent, stated there was a 50 per cent. permanent disability to the shoulder and from 95 to

100 per cent. in the arm. Dr. Ford, the company doctor, testified that the right arm was disabled 100 per cent., and that the shoulder above the shoulder joint was disabled 35 or 40 per cent. Dr. Moore testified he could find no disability, and Dr. Ritzhaupt testified there was a ten to 15 per cent. disability to the upper right extremity, including the muscles of the shoulder which control the movement of the arm. The testimony is conflicting on this question of fact, and according to the rule in this jurisdiction a finding based thereon will not be disturbed if reasonably supported by competent evidence. New York Indemnity Co. et al. v. Miller et al., 163 Okla. 283, 22 P.2d 107. We find there is sufficient evidence to support the finding of the commission that claimant suffered a 25 per cent. permanent disability to the right arm, and there is sufficient evidence to support the finding that claimant suffered an injury to his right shoulder under the "other cases" provision of the statute. There is no evidence to support that portion of the commission's first finding of fact that the claimant suffered an injury to his chest. To that extent the finding is erroneous.

After stating in finding No. 4 that claimant had received a 25 per cent. permanent partial disability to the right arm, the commission states in finding No. 5 that by reason of "said accidental injury claimant has sustained a permanent partial disability, and a decrease in his wage-earning capacity. * * *" The "accidental injury" referred to evidently is the injury to the shoulder, but the finding fails to disclose whether or not the erroneous finding of a chest injury was considered in determining the loss of earning capacity. Certainly a litigant is entitled to know the elements the commission takes into consideration when it is assessing an award against or in favor of him. Particularly it is important in the instant case when it appears that the commission made a finding of an injury to the chest when the evidence fails to disclose any injury to the chest.

Because of the failure to disclose the elements of the injury it is necessary to vacate the award and return the case to the commission for further proceedings in conformity herewith.

Petitioner further contends there is no competent evidence to support the finding that claimant sustained a reduction in wage-earning capacity.

This is a question to be determined by the commission and for which no set formula can be prescribed. Each case must depend upon the facts and circumstances developed therein.

At the hearing January 5, 1935, claimant testified that he could not do roughneck work, that he had pain all of the time in his arm and shoulder. It was further shown that claimant returned to · work for the same employer after the injury and continued with assistance of fellow workmen to work as a roughneck at $7 per day for a period of about nine months.

At a second hearing February 25, 1938, claimant could not raise his right hand above the height of his shoulder when the arm was bent some at the elbow. He testified that since the former hearing he had been discharged by petitioner because he could not do the work; that he had unsuccessfully asked two drilling contractors and some drillers for work; that although none of them told him their refusal was based on his injury, they all knew that he was crippled.

The above is a resume of all the evidence bearing on the issue of decreased earning capacity. It will be noted that there is a complete absence of testimony as to any attempt to obtain work in other lines, nor is there any testimony by the claimant that he cannot do other work. We do not mean to say it is necessary in all cases for the workman to exhaust every means of obtaining work. In many cases the nature of the injury would render it unnecessary for the workman to exhaust every means of obtaining work. In many cases the nature of the injury would render it unnecessary for the workman to attempt to find employment of a gainful nature, but in the instant case the workman continued working as a roughneck for approximately nine months subsequent to his injury, and it would appear from the record that though he cannot continue to perform this type of work, he doubtless does have an earning capacity. In Texas Co. v. Roberts, 146 Okla. 141, 294 P. 180, it was held that impairment of wage-earning capacity means not only inability to perform obtainable work, but also inability on account of the impairment to secure work to do. But in that case claimant introduced evidence to show he had been unable to obtain steady employment of a gainful nature for a period of more than two years after the injury.

In the recent case of Blackstock Oil Co. v. Murtishaw, 183 Okla. 312, 87 P.2d 308, it was held that a decrease in the wage-earning capacity of an injured workman is a question of fact to be computed by the commission, from a consideration of all

the testimony, the inferences reasonably deducible therefrom, and all other facts and circumstances in the case. In that case there was a determination of wage-earning capacity subsequent to the injury, and there was some testimony to the effect that the claimant could do light work.

In the instant case there are no facts and circumstances from which the commission could determine the reduced earning capacity of claimant under the rule announced in the Blackstock Case, supra. There is no evidence, even from the claimant, that he could or could not do light work, nor that he had attempted to find other employment in manual or mechanical labor. His testimony was confined solely to his ability to do work he was doing at the time of the injury.

The Industrial Commission's findings of decreased earning capacity are conclusive where supported by competent evidence, but in the absence of such evidence the Supreme Court must declare as a matter of law that the award is unauthorized. Oklahoma Ry. Co. v. Banks, 166 Okla. 117, 26 P.2d 422. We can find no competent evidence in the instant case to support the finding of decreased earning capacity.

Final complaint is made of the order of payment for the specific injury in a lump sum. It is urged that the payment in the lump sum of $1,125, the total of 62½ weeks of the 25 per cent. for the specific injury, is in conflict with the rule announced in Derr v. Weaver, 173 Okla. 140, 47 P.2d 573, to the effect that an award formerly made cannot be commuted without notice to the employer, which modified the rule announced in Asplund Const. Co. v. Williams. 150 Okla. 10, 300 P. 755, and related authorities. We are of the opinion, and hold, that the principle of commuting to a lump sum is not violated and that the objection to such commutation is not properly presented in this proceeding for the reason that at the date of the award all of the 62½ weeks for the specific injury had transpired. There had been no former award, and the first award made commuted the specific injury to a lump sum. It is therefore unnecessary to discuss to what extent Derr v. Weaver, supra, changed the rule formerly announced in Asplund Construction Co. v. Williams, supra, and the related authorities.

The award in so far as it purports to cover an additional injury to the chest of the claimant, and in so far as it attempts to determine the decrease in his wage-earn-

ing capacity under the "other cases" provision of subdivision 3, section 13356, supra, is vacated, and returned to the commission, with directions to set the cause for further hearing in conformity herewith. In all other respects the award is affirmed.

Award vacated in part and affirmed in part.

BAYLESS, C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.