EAGLE-PICHER MINING & SMELTING CO. v. COFFEY et al.

97 P. 2d 48.

No. 29070.   Dec. 12, 1939.

John R. Wallace and A. C. Wallace, both of Miami, and John Campbell, of Joplin, Mo., for petitioner.

A. L. Commons, of Miami, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original action brought by the Eagle-Picher Mining & Smelting Company, petitioner, to review an award of the State Industrial Commission made to Mearle M. Coffey, respondent.

On March 8, 1937, the petitioner filed employer's first notice of injury with the State Industrial Commission. Therein it is stated that Mearle M. Coffey, a machine helper, was injured on the 4th day of March, 1937, when he was dropped down a shaft of the mine. In the respondent's first notice of injury and claim for compensation filed March 22, 1937, it was stated that the accident was caused when a can in which respondent was riding fell to the floor of the shaft. Form 6, report of initial payment for injury, was filed by the employer on March 22, 1938. Therein the injury was described as a knee injury and left hip abrasion and a fracture of proximal end of the tibia. On August 9, 1937, the respondent filed a second claim on Form 3 in which the nature and extent of the injury was stated to be "Fracture R. Leg below knee, injured r. knee, back and L. hip." On September 6, 1938, the petitioner filed a notification of suspension of payments for temporary disability. Therein it was stated that payments had been made to and including August 24, 1938, and that respondent was not at the time suffering any disability as a result of the accidental injury, and requested that the cause be closed.

Following the above proceedings, on motion of respondent, the State Industrial Commission gave notice of a hearing to determine the extent of disability, and on November 1, 1938, a hearing was held, following which the State Industrial Commission entered an order dated January 9, 1939, finding that on March 4, 1937, the respondent sustained an injury to his right leg, left hip and back, by reason of which accidental injury there was a disability of 25 per cent. to his right leg, and further that he sustained a disability resulting in a loss of wage-earning capacity under the "other cases" provision of subdivision 3, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, entitling him to $13.65 per week for 300 weeks. The petitioner filed this proceeding to review the award and raises two propositions which will be considered in their order.

It is first contended that there is no competent evidence to support the finding that the respondent sustained an ac-

cidental injury resulting in a permanent partial disability of 25 per cent. to the right leg. With this contention we agree. The record discloses that respondent was injured on the 4th day of March, 1937. He was being conveyed in a carrier commonly referred to as a "can." This contraption lowered the employees to the floor of the mine. The carrier cable slipped, or for some reason other than said slipping the can began to descend rapidly and respondent was dropped approximately 60 feet to the floor of the mine. He sustained an injury to his leg, his left hip, and the lower portion of his back. He was taken to the hospital at Picher, Okla., where he was hospitalized, and after several days' treatment, including placement upon a frame for the treatment of the injury, he then returned to his home, where the treatment was continued.

Dr. McNaughton, called as a witness for the respondent, qualified as an expert radiologist. He stated that he had made two examinations of respondent. The last examination was made on October 31, 1938. The prior examination was made in August, 1937. On the prior examination he found a disability to both the leg and the back. After the examination on October 31, 1938, he stated that in his opinion there was no longer any disability by reason of the injury to the leg. There is no other evidence in the record reasonably tending to support the finding that by reason of injury of March 4, 1937, the respondent has any disability to the right leg. In this connection we are directed in the brief to certain testimony of petitioner's medical expert witness regarding an examination made in 1937. We have carefully reviewed this evidence, and are of the opinion that there is no evidence to support the finding that the respondent has any disability to the right leg, and this part of the award is vacated.

Finally, it is urged that since the State Industrial Commission found that on March 4, 1937, the respondent sustained an accidental injury to his right leg, left hip, and back and by reason of said injury suffered a loss of wage-earning capacity under the "other cases" provision of section 13356, supra, this part of the award is erroneous because there is no evidence of any injury to the hip. In this connection petitioner c i t e s Troup v. Baker, 184 Okla. 329, 87 P. 2d 158. A review of that case will disclose that the award for a decrease in wage-earning capacity under the "other cases" provision of section 13356, supra, was vacated because there was no competent evidence reasonably tending to support the finding that the wage-earning capacity had been decreased. It is true the opinion pointed out the error in finding that there was a chest injury. It was stated that the record disclosed that there was no claim of a chest injury and no competent evidence to support said finding. In the case at bar there is definite evidence of an injury to the left hip, although there is no evidence to support any disability resulting from such injury. We think the confusion results from a mixing of the term injury and disability. We do not find that the State Industrial Commission based the disability under the "other cases" provision of section 13356, supra, on the fact that there was an injury to the hip. It is not urged here that there is no evidence of a loss of wage-earning capacity. We find competent evidence reasonably tending to support the finding by the State Industrial Commission that due to the accidental injury of March 4, 1937, the respondent had a disability occasioned by a permanent injury to the back resulting in a loss of wage-earning capacity, and the State Industrial Commission was authorized to enter the award based upon the decrease in wage-earning capacity as provided by section 13356, supra. The cause and extent of injury is a question of fact, and where there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, an award based thereon will not be disturbed on review. Blackstock Oil Co. v. Murtishaw, 184 Okla. 312, 87 P 2d 308; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

The award for permanent partial dis-

ability to the right leg is vacated. The award for a disability resulting in the decrease in wage-earning capacity under the "other cases" provision of section 13356, O. S. 1931, is sustained.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur.