## DEWEY T. ROSS ENGINEERING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 29705.   Oct. 8, 1940.

*109 P. 2d 232.*

W. R. Withington, of Oklahoma City, for petitioners.

A. L. Commons, of Miami, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original proceeding in this court brought by Dewey T. Ross Engineering Company, hereafter referred to as petitioner, and its insurance carrier to obtain a review of an order and award made by a trial commissioner of the State Industrial Commission in favor of Louie J. Blythe, hereafter referred to as respondent.

The trial commissioner made the following findings of fact:

"1.   That on the 29th day of March, 1939, the claimant was in the employ of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his back, right leg, and right hand.

"2.   That the average wages of the claimant at the time of said accidental injury were $2.40 per day.

"3.   That by reason of said accidental injury, claimant was temporarily totally disabled from the performance of ordinary manual labor from the date of said injury, to December 5, 1939, or 35 weeks beyond the five-day waiting period.

"That as a result of said accidental injury, the claimant has sustained a 40 per cent. permanent partial disability to the right leg, and a 15 per cent. permanent partial disability to the right hand, which said disabilities considered together as the same bear to a permanent total disability based upon 500 weeks, are equivalent to 27½ per cent. of a permanent total disability.

"5.   That as a further result of said accidental injury, the claimant has sus-

tained a 60 per cent. permanent partial disability to his back."

Upon the findings so made, compensation was awarded for 87½ per cent. permanent total disability. The principal issue here submitted is the legality of the method employed in making said award. Petitioner urges that the award should have been made in the manner explained in Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. 2d 873; Fox v. Brown, 176 Okla. 201, 55 P. 2d 129; Shawnee Cotton Oil Co. v. Bumgarner, 180 Okla. 103, 67 P. 2d 959; Amerada Petroleum Co. v. Lovelace, 184 Okla. 140, 85 P. 2d 407; Troup v. Baker, 184 Okla. 329, 87 P. 2d 159; Pine Valley Lbr. Co. v. Watson, 184 Okla. 498, 88 P. 2d 610. The contention so made must be sustained.

The award under review erroneously treated the unclassified injury as a specific injury, whereas, as pointed out in the cases cited, supra, it should have been considered separately and any compensation therefor computed and award made in the manner directed under the "other cases" provision of subdivision 3, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, subd. 3, and for this reason must be vacated for further proceedings before the State Industrial Commission consistent with the views herein expressed.

Award vacated.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.