GULF OIL CORPORATION v. KYES et al.

No. 31261. Dec. 14, 1943.

Rehearing Denied Sept. 26, 1944.

*151 P. 2d 785.*

James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, Cyrus L. Billings, and James B. Diggs, Jr., all of Tulsa, for petitioner.

Bishop & Bishop, of Seminole, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Gulf Oil Corporation, hereinafter referred to as petitioner, to obtain a review of an award which was made and entered on December 7, 1942, by a trial commissioner of the State Industrial Commission in favor of Loren Donald Kyes, hereinafter referred to as respondent.

The sufficiency of the notice of injury given by the respondent, and of the evidence to establish disability as the result of an accidental injury are the principal issues involved, although attention is also called to an error in the calculation in the amount of the award made for temporary total disability.

The essential facts are that on November 10, 1941, respondent verbally reported to his foreman an accident sustained on said date while unloading some sills. In the report so made respondent stated that he had wrenched some of the muscles in his back and that the injury was not a serious one. Respondent did not request any medical

attention and the foreman did not offer any such attention or direct respondent to anyone for examination. Respondent had a contract with a hospital in Shawnee which provided him and his family with certain benefits, and after quitting work on November 10, 1941, drove to Shawnee and went to the said hospital, where he had the doctor in charge examine and treat some bruises on two of the toes of his right foot and an abrasion on the ankle of said foot which respondent had not previously reported to his foreman. On the following day, November 11, 1941, respondent returned to his employment and worked the full day, and on said date a clerk in the office of the petitioner made out a written report of the accident as it had been previously described by the respondent to his foreman. On the following day, November 12, 1941, respondent informed the petioner that he was leaving its employ with the expectation of getting more remunerative employment. Thereupon respondent was required to sign the accident report which had theretofore been made out by the petitioner's clerk and which described merely the injury to the back. Respondent signed this report without making any mention of the injury to his toes and ankle and without advising that he had consulted his physician relative thereto and had obtained treatment for such injury. On November 13, 1941, respondent became ill and went to bed, and on November 14, 1941, his condition became so serious that he was taken to the hospital at Shawnee, where he was found to be suffering with a streptococcic infection of the blood stream and was kept under treatment until December 7, 1941, and then sent home. The hospital, on December 4, 1941, wrote petitioner and advised that respondent had been in said hospital under treatment since November 14, 1941, and in which letter inquiry was made relative to the record which should be set up relative to claim for compensation. This letter was received by petitioner on December 7, 1941, thereafter on December 9, 1941, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation and therein alleged an accidental injury to the toes and ankle of his right foot and to his back and a systemic infection which had resulted in angina pectoris and which had resulted in permanent disability. The petitioner received a copy of said notice from the commission on December 11, 1941. Petitioner immediately filed an answer in which it alleged that it had been given no notice of the injury to the toes and ankle, and that as a result it had not been given the required statutory notice and had been prejudiced by such failure; and, further, that respondent had not sustained an accidental injury as alleged by him, and that any disability which he may have had was not the result of any accidental injury.

At hearings held to determine liability and extent of disability the evidence was in agreement with respect to the fact that the notice verbal and written which respondent had given petitioner had not mentioned any injury to the foot, and that respondent had never requested petitioner to furnish medical attention for the injury, but was in conflict with respect to whether the subsequent infection had resulted from accidental injury or other cause and with respect to whether such infection had resulted in any permanent disability, and more particularly in angina pectoris, which the medical evidence of respondent tended to show that it had. The trial commissioner upon the evidence, substantially as above stated, made the following findings of fact and award:

"1. That on the 10th day of November, 1941, the claimant was in the employ of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to right foot, back injury and angina pectoris.

"2. That the average wages of the claimant at the time of said accidental personal injury were $150.00 per month.

"3. That by reason of said accidental injury, the claimant was temporarily totally disabled from the performance of ordinary manual labor from Nov. 14th, less the five-day waiting period to Feb. 26th, 1942.

"4. That as a further result of said injury the claimant has sustained 50 per cent permanent partial disability to the body as a whole, or 50 per cent of a permanent total disability.

"Upon consideration of the foregoing facts, the trial commissioner is of the opinion that the claimant is entitled to compensation in the sum of $333.00, being 18 weeks and 3 days, computed from Nov. 14th, 1941, less the five-day waiting period, to Feb. 26th, 1942, at the rate of $18.00 per week, by reason of his temporary total disability; and claimant is also entitled to compensation for a period of 250 weeks at the rate of $18.00 per week, on account of the 50 per cent permanent total disability to the body as a whole, due to said accidental injury, and that there is now due the claimant the sum of $738.00 being compensation computed from Feb. 26th, 1942 to Dec. 10th, 1942, same being 41 weeks at the rate of $18.00 per week.

"It is therefore ordered by the trial commissioner, That within twenty days from the date of filing this order the respondent pay to the claimant the sum of $333.00, being compensation for 18 weeks and 3 days beyond the five-day waiting period, or from Nov. 14th, 1941 to Feb. 26th, 1942, less the 5-day waiting period, at the rate of $18.00 per week, on account of temporary total disability, and in addition thereto pay claimant the sum of $738.00, being accrued compensation computed from Feb. 26th, 1942, to Dec. 10th, 1942, at the rate of $18.00 per week, and that respondent continue to pay the claimant compensation thereafter at the rate of $18.00 per week, until a period of 250 weeks, or the total sum of $4500.00 has been paid on account of the 50 per cent permanent partial disability to the body as a whole, due to said accidental injury.

"It is further ordered, by the trial commissioner, that within twenty days from the date of filing this order, the respondent pay claimant's attorney, Homer Bishop, the sum of $900.00, being 20 per cent of the award herein made claimant for permanent partial disability, commuted to a lump sum from the latter end of this award, as a fair and reasonable sum for legal services rendered claimant herein."

The grounds of error and illegality in said award are said to consist in the failure of the trial commissioner to find that the respondent had not given notice of his injury as required by statute, and that the petitioner had been prejudiced thereby, and that there is no competent evidence to support the finding that disability of respondent was due to any accidental injury, and hence that the award is without authority of law, and the further contention that the award for temporary total disability is patently erroneous for the reason that while the period of temporary total disability was found to have begun November 14, 1941, and have ended on February 26, 1942, the award therefor was for a period of 18 weeks and three days beyond the five-day waiting period, whereas, a matter of simple calculation reveals that said period embraced only 14 weeks and one day.

The primary contention of petitioner, and the one to which it devotes most of its argument, is that, although respondent gave written notice of injury within two days after it occurred and filed employee's first notice of injury and claim for compensation with the State Industrial Commission within 30 days thereafter, the failure of the written notice given to petitioner to specifically enumerate all of the injuries sustained constituted the notice given, in effect, no notice, and thus placed the failure to give statutory notice and prejudice resulting in issue before the trial commissioner and necessitated a finding thereon before any award could be made. In support of the contention so made petitioner cites Ford Motor Co. v. Hunt, 146 Okla. 105, 293 P. 1038; 78 A.L.R. 1229; Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100; Dover Oil Co. v. Bellmyer, 163 Okla. 50, 20 P. 2d 556; Greer Co. Gins v. Dunnington, 166 Okla. 302, 27 P. 2d 630; Greis v. Rounsiville, 173 Okla. 189, 46 P. 2d 905; Hales v. Oklahoma Producing & Refining Co., 109

Okla. 286, 232 P. 42; J. J. Harrison Const. Co. v. Mitchell, 170 Okla. 364, 40 P. 2d 643; Magnolia Pet. Co. v. Walls, 158 Okla. 199, 13 P. 2d 147; McMann Oil & Gas Co. v. Garrett, 155 Okla. 76, 7 P. 2d 686; Barnes v. I.T.I.O. Co. 170 Okla. 520, 41 P. 2d 633; Finance Oil Co. v. James, 188 Okla. 372, 109 P. 2d 818; Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235; W. E. Edmiston Drilling Co. v. Russell, 151 Okla. 108, 1 P. 2d 374; and a number of other cases of a similar nature. An examination will reveal that the cited cases are authority for the rule than an employer is entitled under the statute to notice in writing which shall contain the name and address of the employee and state the time, place, nature, and cause of the accident. They are not authority for the rule that the written notice must enumerate specifically all the injuries received as a result of the accident. Where written notice of injury has been given to an employer as directed by statute (85 O. S. 1941 § 24) it is sufficient even though it does not specifically enumerate all the injuries received in the accident. See J. B. Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okla. 424, 93 P. 2d 751. The record discloses and petitioner concedes that respondent gave the written notice which imparted to it all of the information required by the statute except as to the injury to his toes and ankle, and that within the statutory period respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation in which these details were supplied, but insists notwithstanding that the notice was insufficient to meet the statutory requirements. We are unable to agree with the contention so advanced, and the cases cited by petitioner do not support the contention so made. The provision of the statute relative to notice is 85 O. S. 1941 § 24.

We are of the opinion, and hold, that under the record here presented written notice substantially complying with the statute was given to petitioner and the the State Industrial Commission within the time and manner required.

The next contention of petitioner is that the finding of disability is unsupported by any competent evidence in the record. Thereunder petitioner contends, since the trial commissioner found that claimant sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his right foot, back injury, and angina pectoris and made no reference to indicate that the disabilities were due to the infection to his foot, or as to the cause of the infection, that the finding is insufficient in that it does not reveal whether the disability arose from the foot injury or from the back injury, and in support of the claim of insufficiency of such finding petitioner cites Troup v. Baker, 184 Okla. 329, 87 P. 2d 158, which followed Shawnee Cotton Oil Co. v. Bumgarner, 180 Okla. 103, 67 P. 2d 959, wherein the effect of multiple injuries in connection with an award under the "other cases" provision of the statute as it then existed were involved. The cases cited are inapplicable for the reason that since they were promulgated the provision of the statute was amended May 14, 1941 (85 O. S. 1941 § 22) so as to provide that an award for disability thereunder should be based upon a percentage of permanent total disability and so compensated. It will be observed that the trial commissioner found that respondent had sustained a 50 per cent partial disability to the body as a whole, and compensation was awarded for 50 per cent of permanent total disability in accordance with the statute as amended. In so doing the trial commissioner proceeded properly. As we have previously pointed out, the competent medical testimony upon the nature and extent of the disability as well as the cause thereof was in conflict, and therefore the credibility and the weight to be given to such testimony was for the trier of the facts. There is competent evidence in the record to sustain the finding that the disability resulted from the injury sustained.

It is finally contended that the award for temporary total disability was im-

properly calculated. This contention is correct. The trial commissioner found that respondent had been temporarily totally disabled from November 14, 1941, to February 26, 1942, and awarded compensation for 18 weeks and three days less the five-day waiting period, whereas, simple calculation will reveal that the award should have been for 14 weeks and one day. Since the sole error presented is one of simple calculation, the award will be directed to be corrected rather than vacated. It is therefore directed that the award for temporary total disability be corrected so as to limit compensation for temporary total disability to 14 weeks and one day, and that as thus corrected the award is sustained.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., concurs in conclusion. BAYLESS, J., absent.