**WILCOX OIL COMPANY and Massachusetts Bonding and Insurance Company, a corporation, Petitioners,**

v.

**Chester G. SILLS and the State Industrial Commission, Respondents.**

**No. 36707.**

Supreme Court of Oklahoma.

April 26, 1955.

Rucker, Tabor & Cox, Robert L. Shepherd, Tulsa, for petitioners.

Arthurs & Blackstock, Bristow, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

On September 24, 1953, Chester G. Sills, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an injury to his back while employed as a pipe line worker by the Wilcox Oil Company. An award was entered for temporary total disability and the employer and its insurance carrier, hereinafter called petitioners, have brought this proceeding to review the award.

Claimant testified that on July 2, 1953, he was working with a crew on a pipe line replacing a four inch line around a pond. He was adjusting the pipe to place in the line in a manner referred to as stabbing. He was holding the end of the line and it slipped off a jack, jerking his body and injuring his lower back. He worked the rest of the day and then did not return to work but took his vacation. He saw Dr. H. on July 7, 1953, who gave him two or three X-ray treatments. He was then sent by the employer to Dr. S. at Bristow who gave him treatment for approximately two weeks. He was then sent by the insurance carrier to Dr. W. S. at Tulsa who examined him and directed him to report to a doctor in the Medical Arts Building at Tulsa. He then saw, and was either treated or examined by three other doctors. Three of these doctors filed reports for claimant. A separate report was filed by a clinic on an order by the State Industrial Commission on its own motion for an examination. Dr. W. S. and Dr. F. filed reports for petitioners. The report of Dr. F. discloses that on October 21, 1953, he performed a pantopaque myelogram upon claimant which revealed that he had a generalized lumbar arachnoiditis with adhesive bands extending throughout the thecal cavity.

█ Petitioners argue there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that claimant has a disability which is a result of the accidental injury. Dr. U. stated that in his opinion claimant has arachnoiditis which he explained was a disease of the spine, and that this is the result of the accidental injury of July 2, 1953. Dr. B. also stated that claimant had arachnoiditis, and that the precipitating cause was the accidental injury of July 2, 1953. Both doctors stated that claimant has a temporary total disability due to the accidental injury. The reports filed by the clinic, and the two doctors for petitioners, reach a conclusion that the disability is not related to the accidental injury. The evidence being in conflict presented an issue of fact for the determination of the State Industrial Commission. Gulf Oil Corporation v. Kyes, 194 Okl. 367, 151 P.2d 785; Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847; City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094. In Gulf Oil Corporation v. Kyes, supra, we said:

"Where a disability is of such a nature and extent that determination thereof must be based upon the testimony of skilled and professional persons and the testimony of such persons is in conflict the credibility of the witnesses and the weight to be given to their testimony is for the trier of the facts and where there is any competent evidence reasonably tending to support the conclusion reached by such fact-finding officer or tribunal, this court will accept the finding so made and not disturb it."

And in Standard Roofing and Material Co. v. Mosley, supra, it is stated:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

█ There is competent evidence reasonably tending to support the finding of the State Industrial Commission.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.