**SEARS, ROEBUCK AND COMPANY,**
**Own Risk, Petitioner,**

v.

**Alvin Ray TATUM and State Industrial**
**Court, Respondents.**

No. 51296.

Supreme Court of Oklahoma.

Oct. 31, 1978.

David R. Milsten and Dennis J. Downing, Tulsa, for petitioner.

Larry Derryberry, Atty. Gen., Oklahoma City, and Don Pearson, Muskogee, for respondents.

WILLIAMS, Justice.

Petitioner, hereinafter called respondent, operated a retail tire store in Muskogee. The service department provided maintenance service at the store, and also road maintenance service and repair, either by contract, or by request from the general public. Claimant was employed as a service man for tire work, including road maintenance service when sought by customers. On November 20, 1975 the service manager sent claimant to a construction site to perform maintenance work on a truck tire. While so engaged the truck tire blew up and knocked him backward into a truck. The rim struck claimant's face and head

crushing mouth and teeth, breaking both jaws, causing depressed skull fracture and broken shoulder blade and back injury. Claimant was rendered unconscious for several days.

After emergency treatment claimant was transferred to a Tulsa hospital for treatment by an oral surgeon (Dr. T.) and a neurosurgeon (Dr. F.).

Claimant was discharged November 26, 1975, but readmitted January 4, 1976 with diagnosis of depressed skull fracture, and ulnar neuropathy left at C–7 nerve root contusion. There was additional diagnosis reported by Dr. T. concerning convalescent status of multiple bone fractures and lacerations, and multiple fractured teeth.

Further hospitalization for 13 days after March 11, 1976 was based upon diagnosis of post traumatic encephalopathy, right frontal skull defect, fractured left scapula and lumbar spone syndrome. Additional diagnosis by Dr. T. related to degenerating fractured teeth and alveolar bone, which necessitated further oral surgery. During this hospitalization Dr. S. performed right frontal craniotomy and placed a metal plate in claimant's head. The surgeon also performed a scalelonectomy, and prescribed traction for claimant's back.

Claimant again was hospitalized by Dr. S. on October 18, 1976, with diagnosis of moderately severe post-trauma encephalopathy.

Claim for compensation, filed October 6, 1976, alleged injury to head, eyes, mouth, shoulder, back and arms. Respondent denied occurrence of accidental injury in a covered employment. Respondent specifically denied State Industrial Court jurisdiction because claimant was not engaged in hazardous employment defined by the Act, 85 O.S.1971 § 1, et seq., and injury did not occur on premises owned or controlled by respondent.

Upon hearing, April 11, 1977, respondent stipulated as to employment, compensation rate, and occurrence of accidental injury arising out of and in course of employment. Evidence concerning scope and mode of respondent's operations was uncontroverted.

Claimant's evidence related employment duties, occurrence of injury, various hospitalization and treatment, and continued treatment by Muskogee physicians after Dr. S.'s demise. Claimant still was suffering frequent, severe headaches; numbness of left arm from elbow to site of shoulder surgery; dizziness, and pain in back of neck between shoulder blades and lower back. Nerve medication was required to control headaches, together with three types of muscle relaxant medication, some for pinched nerves in the back.

Claimant introduced deposition testimony of Dr. A., based upon examination conducted October 26, 1976, after taking history of injury, hospitalization, treatment and physical complaints. Physical and x-ray examination disclosed various fracture areas and abnormal encephalogram. The physician stated skull injury, which required surgical intervention, had caused right frontal region brain damage and resulted in 50% permanent disability to body as a whole for manual labor. He evaluated permanent partial disability resulting respectively from lumbar spine injury, and fractures of nasal bones, mandible and left clavicle. Combination of all injuries he said created total permanent disability to body as a whole for performance of manual labor.

The trial court awarded compensation for permanent total disability upon basis of the following adjudication:

"That Claimant was employed by Sears Roebuck and Company, a retail Sales firm; however, the Respondent's Auto Service Department was engaged in making service calls to any members of the public to repair truck and passenger car tires including road service. These service calls and tire repairs were made on all brands of tires. Special Service was also rendered by Respondent to repair all truck and vehicle tires of any brand for Manhattan Construction Company at a building site at St. Francis Hospital in Tulsa, Oklahoma, where Claimant was injured at the time of Claimant's accidental personal injury. The Respondent operations in rendering tire repair road service

to trucks is highly hazardous and cannot be related to retail service."

This order was affirmed by State Industrial Court en banc.

The first contention insists claimant was not engaged in hazardous employment as defined by the amended Statute, 85 O.S. Supp.1967 § 3. The trial judge found claimant was employed in respondent's retail sales operation, but further found services rendered by the automobile service department was hazardous employment and not related to retail sales. Respondent says nothing in the Act, supra, defines road tire service as hazardous, and that claimant's employment was analogous to employment in a retail service station and not hazardous employment. Thus, it is argued, claimant failed to sustain burden of showing jurisdiction of State Industrial Court, and trial court finding employment was by a retail store amounted to finding that court had no jurisdiction. Authorities cited in support include *Cross v. Brown* (Okl.1961) 363 P.2d 935; *Skelly Oil Co. v. Waters* (Okl.1960) 348 P.2d 320; *Bob Hines Service Station* (Okl. 1958) 321 P.2d 378.

■ It is unnecessary to review further the argument, or authorities cited, to support the claim employment was in a retail store and not within the Act, supra. These matters recently were considered at length in *Neal v. Sears, Roebuck & Co.*, own risk (Okl.1978) 578 P.2d 1191. In that decision at p. 1194 we said:

"The statute declares a workshop is any place where machinery is employed and manual or mechanical labor exercised for gain in repairing or adopting for sale any article or thing, over which premises or place the employer of the person working there has access or right of control. No language in the statute suggests a workshop cannot be a place where minor repairs are made."

Syllabus in the *Neal* case states:

"1. Distinctions advanced as a basis for prior decisions, which hold retail filling stations to be non-hazardous employment, no longer should be considered to express controlling criteria for determining whether a retail service station is within the statutory definition of a workshop and a hazardous employment."

"2. Decision in *Skelly Oil Co. v. Waters*, 348 P.2d 320 (Okl.1960), and cases of similar import are hereby overruled as not expressing controlling law determinative of what constitutes a workshop within meaning of 85 O.S.1971, §§ 2, 3."

A further contention claims error in trial court failure to make findings of fact and conclusions of law to support the order reviewed. The first argument concerns the trial court's finding claimant sustained injuries to "head, face, back, nose and eyes."

■ Claim for compensation alleged injury to claimant's eyes. No history given any examining doctor, or specialists who treated claimant initially, mentioned injury to eyes. When testifying as to facts of accidental injury and physical complaints there was no mention of any eye injury. No medical testimony suggested any disability resulting from eye injury. Whatever inadvertence caused recitation of injury to the eyes, this cannot properly provide basis for vacation of an award supported in all other respects by competent medical testimony reflecting nature of injuries and resulting disability.

■ Further argument asserts impossibility of ascertaining from the order whether numerous injuries were valid and part of the ultimate conclusion, or whether claimant was found totally disabled without attributing any disability "to those members of the body." This argument is not persuasive. There was medical evidence attributing disability to brain damage from skull injury. The physician then independently evaluated disability for fracture of nasal bones, right mandible, left clavicle, and lumbar spine. All of claimant's injuries fell within the "Other cases" provision of the Act, 85 O.S.1971 § 22. *Dewey T. Ross Engr. Co. v. State Industrial Comm.*, 188 Okl. 73, 109 P.2d 232; *Lee Way Motor Freight, Inc. v. Highfill* (Okl.1967) 429 P.2d 745. Disability for injuries under "other cases" provision properly were combinable in determining extent of disability to body

as a whole. See *Tannehill v. Spec. Ind. Fund* (Okl.1975) 538 P.2d 590. The order sufficiently reflected basis of determination and extent of disability.

Respondent also points out the award for permanent total disability did not recognize a previously adjudicated permanent partial disability of 5% to the body as a whole. Evaluation of separate injuries attributed 50% disability to brain damage, and assessed separate percentage of disability for each of three "other cases" injuries. Combined percentages of disability totaled 95%, and thus claimant's medical evidence was insufficient to support a total permanent disability award. The trial court's order made no reference to prior adjudicated disability and, in present form cannot support an award for total permanent disability.

In view of fact claimant at one time was adjudicated to have a 5% permanent partial disability to the body as a whole, this cause is remanded to the State Industrial Court for that court to determine the degree, if any, of permanent partial disability to the body as a whole the claimant was experiencing at the date of the injury concerned in this proceeding. See *J. C. Penney Co. v. Crumby*, 584 P.2d 1325 (Okl.1978).

AWARD SUSTAINED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.

IRWIN, BERRY, BARNES, SIMMS and HARGRAVE, JJ., concur.

LAVENDER, V. C. J., and DOOLIN, J., concur by reason of stare decisis.