## FARMERS CO-OPERATIVE ASS'N et al. v. BEAGLEY.

No. 23090. Opinion Filed June 21, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

J. Berry King, Atty. Gen., Robt. D. Crowe, Asst. Atty. Gen., and J. J. Glaser, for respondent.

McNEILL, J. This is an original action brought to review an order of the State Industrial Commission. whereby respondent, Lewis Beagley, was awarded compensation against the Farmers Co-operative Association and the Aetna Life Insurance Company. its insurance carrier. On July 5, 1929, Lewis Beagley sustained an accidental personal injury while in the employment of the Farmers Co-operative Association. The in-

surance company ceased payment of compensation after February 11, 1931. After a hearing on petitioners' motion to determine the extent of respondent's disability, the Commission, on November 14, 1931, entered its order and award finding that the respondent had sustained an accidental injury arising out of and in the course of his employment, resulting in the fracture and dislocation of the left hip and torn ligaments; that by reason of said accidental injury, the respondent was temporarily totally disabled from July 5, 1929, the date of the accident, to July 31, 1931, or for 104 weeks. He was awarded compensation therefor at the rate of $15.39 per week or a total of $1,600.56, less the payments which had theretofore been made to him. The Commission also found that the respondent had suffered a permanent partial disability, and awarded him compensation therefor at the rate of $15.39 per week until a total of 300 weeks should be paid, or until otherwise ordered by the Commission.

In this case the award for permanent partial disability was made under the provisions of the last paragraph of subdivision 3 of section 7290, C. O. S. 1921, as amended by Laws 1923, c. 61, s. 6, relating to "other cases." It is the contention of the petitioners that the award should have been made under that part of said section 7290, C. O. S. 1921, for the loss of use of a specific member, and that there is no evidence in the record to support the order and award for temporary total disability.

The record in this case discloses that the respondent was working for the Farmers Co-operative Association, at Alva, Okla., as a common laborer, and at the time of the injury was on a car dumping wheat. A loose box car bumped into the one in which the respondent was working. He was thrown from the car to the switch track and fell on his hip and back, resulting in an injury to his hip joint and pelvic region, causing a loss of the free use of his left leg.

The testimony, including that of medical experts, shows that respondent suffers pain at all times and is incapacitated from doing manual labor, and that such condition is permanent.

The evidence shows that the injury due to the accident was not confined to the leg, but extends to the hip joint and pelvic region and has affected the tissues and the lining of the pelvic cavity.

There is expert testimony showing that the respondent was permanently and totally disabled due to the original injury. The evidence reasonably supports the finding of the Commission. That portion of the award

for permanent partial disability is governed by section 7290, C. O. S. 1921, subdivision 3, as amended by Session Laws of 1923, c. 61, s. 6, relating to "other cases," and not under that part of said section which provides for the payment of compensation for the loss of a leg. In no event should the award exceed 500 weeks for temporary total disability and permanent partial disability.

Award affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.