## JONES & SPICER et al. v. WARDLOW.

No. 24113. Opinion Filed July 5, 1933.

Carmon C. Harris, for petitioners.

Cooke & Jackson and Jeffrey & Fry, for respondent W. T. Wardlow.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

BUSBY, J. This is an original proceeding instituted in this court to review an award of the State Industrial Commission. The respondent and insurance carrier before the State Industrial Commission are the petitioners in this court. The parties will be referred to as petitioners and claimant, respectively.

The claimant received an accidental injury on February 22, 1932, while in the employ of the petitioner Jones & Spicer. After the proper preliminary steps had been taken, a hearing was held before the State Industrial Commission at which the testimony of various witnesses, mostly medical, was introduced. On consideration of the testimony thus introduced, the Commission entered its order and award on August 30, 1932, determining that the claimant "sustained an accidental personal injury when he fell with a joint of pipe on his shoulder, fracturing the right shoulder blade and injuring the muscles, ligaments, and tendons of the right arm, shoulder, side, and back." The Commission also found that the claimant as a result of the injury suffered temporary total disability until July 9, 1932 (for which payment has been made), and permanent partial disability. Compensation for the permanent partial disability was awarded claimant under the "other cases" provision of subdivisions, section 13356, O. S. 1931, at the rate of $8 per week, for a period not to exceed 300 weeks, subject to the continuing jurisdiction of the Commission. The amount of the compensation was based upon a finding that by reason of the disability there had been a decline of claimant's earning capacity from $3.50 per day prior to the injury to $1.50 thereafter.

Petitioners urge that the award of the Commission, if any was proper at all, should have been based upon the provision of section 13356, supra, relating to the loss of use of a specific member of the body, in this case an arm.

If the only effect of the injury was the loss of the use of the claimant's arm, petitioner's position would be well taken. If, on the contrary, the disability resulting from the injury extended to other portions of the claimant's body, compensation is properly allowable under the residuary clause of section 13356, supra. Farmers' Co-op. Ass'n v. Beagley, 158 Okla. 53, 12 P. (2d) 544.

It is the theory of the claimant that the record discloses that the disability complained of extended to the shoulder and back. The Commission so found. This presented a question of fact. The scope of inquiry by this court in reviewing a finding of facts by the State Industrial Commission is for the limited purpose of ascertaining whether there appears in the record any competent evidence in support of the finding.

A review of the record before us discloses that the disability of the claimant was principally manifested by partial loss of the use of his right arm. However, it cannot be said that the evidence conclusively shows that the resulting disability is limited to the arm. Nor can it be said that there is no evidence supporting the view that the disability extended to the shoulder and back of the claimant. Dr. Kucher, who treated the claimant, testified in answer to questions propounded as follows:

"Q. What did you treat him for in the beginning? A. Contusions of the muscles. Q. What is that in ordinary language? A. Bruises of the muscles of the neck and inflammation of the nerves."

In another portion of his testimony the same witness said:

"By the Court: Does this man have myositis? A. Yes, sir Q. Bruised shoulder? A. Yes, sir. Q. Did he have marked tenderness along the spine of the right scapula? A. Yes, he had, extending down."

Dr. Margo, a physician who had examined the claimant, testified:

"Q. Can you state definitely that he did not have an injury to the brachial plexus? A. Yes, sir, this injury was to the back and shoulder."

The record shows that the injury was caused by a fall while the claimant was carrying a piece of pipe and a blow on the shoulder received in the fall from the pipe. The applicable rule of law is announced by this court in a similar situation in the case of Farmers' Co-Op. Ass'n v. Beagley, supra, in syllabus, which reads:

"Where an employee received an injury to his hip and pelvic region, resulting in part,

in the loss of the free use of a leg, such employee is not limited to an award of compensation for such disability for the specific schedule for the loss of a leg as provided under section 7290, C. O. S. 1921, as amended by Laws 1923, c. 61, sec. 6."

From an examination of the evidence in this case, we cannot say there is an absence of competent evidence supporting the finding of the Commission.

It is also urged that the evidence does not support the finding that the claimant suffered a loss of earning capacity. The Commission found that the average daily wages prior to the injury was $3.50 per day. The petitioners agree that this finding was correct. The Commission found that the earning capacity of the claimant had declined by reason of the disability to $1.50 per day. The cause and extent of the claimant's disability was established by medical testimony. The effect of the disability upon his earning capacity was established by the testimony of the claimant himself, who, in his testimony, stated that by reason of the disability he had been unable to work at all. We, therefore, conclude that the finding of the Commission was supported by competent evidence, and so hold. The award will be affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. ANDREWS, J., absent.