### GLIDEWELL v. VULCAN STEEL TANK CO. et al.

No. 24319. March 6, 1934.

Rehearing Denied April 3, 1934.

Frank Leslie, for petitioner.

Ned Looney, F. C. Love, and M. W. Ludington, for respondents.

CULLISON. V. C. J. This is an original proceeding filed in this court to review an order made by the State Industrial Commission on November 12, 1932, in favor of the Vulcan Steel Tank Company and its insurance carrier, respondents herein, and denying the motion of Roe Glidewell, claimant and petitioner herein, to award further compensation.

The record shows the claimant received an accidental injury arising out of and in the course of his employment while working for the Vulcan Steel Tank Company, on November 26, 1927. He was paid $554 for his temporary total disability, being paid at the rate of $13.85 per week, for 40 weeks.

On September 27, 1928, the cause was heard before the then Chairman, L. B. Kyle, to determine liability and the extent of disability, and, pursuant thereto, on October 31, 1928, the Commission made an order approving the payments thereofore made to claimant and denying further compensation and award, and ordered the case closed.

On April 15, 1929, L. B. Kyle again conducted a hearing in said cause, sustaining a demurrer to the testimony of the claimant for the reason that no change of claimant's condition was proved.

On February 1, 1932, a short hearing was held before Commissioner Mat McElroy on claimant's motion of November 13, 1931, to set aside settlement and award further compensation. On claimant's application he was permitted to amend his motion to review settlement and reopen the case on grounds of a change in condition for the worse.

A hearing was had on the amended motion October 27, 1932, before Commissioner McElroy.

The transcript shows that claimant's injury was occasioned by the head of a tank falling over, striking claimant on the hips and back, resulting in an injury to the pelvis bones. At the last hearing, supra, claimant introduced lay and expert testimony to the effect that as a result of the fracture to claimant's pelvis bone, and its dislocation, the nerves of the lower limbs are impinged and the circulation impaired; that by reason thereof claimant has a permanent partial loss of use of both legs. The testimony of Dr. W. W. Beesley was that all the fractures are to the pelvis, there being no fracture of the leg below the femur. Further, that the injury was confined to the pelvic region and the pubic injury, which have resulted in a misalignment of claimant's legs. Dr. E. P. Nesbitt located the fracture that was causing the most of claimant's trouble as being on the left side of the pubic bone, and testified that the disability to claimant's legs is caused by the malposition of the pubic bone which exerts a pressure on the sciatic nerve.

Claimant testified concerning his wages, since the injury, and testified among other things that he earned $4.50 per day for approximately a year working for the National Tank Company, after the last hearing in April, 1929. Claimant's average daily wage at the time of the injury had been $3.60 per day.

Thereafter, and on November 12, 1932, the Commission made its order which is made the subject of these proceedings to review.

Said order recites that on November 26, 1927, claimant sustained an accidental personal injury to "the lower portion of his back, * * *" and found that the evidence adduced wholly fails to show a decrease in the wage-earning capacity of claimant. The order concluded:

"It is therefore ordered: That claimant's motion to reopen cause and award further compensation be and the same is hereby denied, for the reason the testimony is not sufficient to show a decrease in his wage-earning capacity due to the injury to his back as hereinbefore described."

Claimant, petitioner herein, contends said order is erroneous in this:

"That Commissioner Mat McElroy erred in ruling that petitioner's injury was one that comes under the 300 weeks clause or 'other cases,' and could not be an injury of a specific member."

Both parties cite the case of Farmers Co-Operative Ass'n et al. v. Beagley, 158 Okla. 53, 12 P. (2d) 544, in which this court considered a similar state of facts. The court therein said:

"It is the contention of the petitioners that the award should have been made under that part of said section 7290, C. O. S. 1921, for the loss of use of a specific member. * * * He (claimant) was thrown from the car to the switch track and fell on his hip and back, resulting in an injury to his hip joint and pelvic region, causing a loss

of the free use of his left leg. The testimony, including that of medical experts, shows that respondent suffers pain at all times and is incapacitated from doing manual labor, and that such condition is permanent. The evidence shows that the injury due to the accident was not confined to the leg, but extends to the hip joint and pelvic region and has affected the tissues and the lining of the pelvic cavity. * * * That portion of the award for permanent partial disability is governed by section 7290, C. O. S. 1921, subdivision 3, as amended by Session Laws of 1923, c. 61, s. 6, relating to 'other cases,' and not under that part of said section which provides for the payment of compensation for the loss of a leg. * * *"

The cited opinion states that an injury of this nature is to be considered as coming under the "other cases" clause of our statute, and not under that portion of the statute relating to injury to a specific member.

In White Oak Refining Co. v. Whitehead, 149 Okla. 297, 298 P. 611, this court held that a claimant receiving injuries to "ankle, leg and hip" was entitled to compensation within the residuary clause, "other cases," of the statute. In Dailey, Crawford & Pevetoe v. Rand, 155 Okla. 229, 8 P. (2d) 738, an injury to a fractured hip was held to fall within the classification of "other cases," and calculated upon the basis of 66⅔ per cent. of the difference between the previous average weekly wage and the subsequent earning capacity.

We are of the opinion the finding of the Commission that claimant's injury came within the "other cases" clause of the statute is correct under the holdings of this court, and that the finding of the Commission that claimant had not established a reduced wage-earning capacity by reason of his back injury is amply supported by the evidence, and binding on this court.

The order is affirmed.

RILEY, C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.