## EUBANKS v. BARNSDALL OIL CO.

No. 24263.    Sept. 11, 1934.

Leo J. Williams and M. J. Parmenter, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

BUSBY, J. This is a proceeding to review an award of the State Industrial Commission. On August 5, 1930, the claimant, J. A. Eubanks, who is the petitioner in this court, sustained an accidental personal injury arising out of and in the course of his employment as a roustabout in the production department of the Barnsdall Oil Company, respondent.

He received a blow on the right side of the head, which rendered him unconscious for about 36 hours. His skull was fractured. Two surgical operations were performed on his head and a portion of the skull has been removed. The injury resulted in dizziness, headaches, general nervousness, and a **"partial paralysis of his right hand or arm."**

Compensation for temporary total disability has been paid. It is not disputed in this case that the claimant is entitled to permanent disability. The principal question presented involves the method of computing compensation for the disability suffered.

The Commission, after hearing the evidence, entered its order on October 25, 1932, finding that the claimant had a permanent partial disability, compensable under the "other cases" clause of section 13356, O. S. 1931, which entitled him to compensation based upon a decrease in earning capacity at the rate of $10 per week, not to exceed 300 weeks. Compensaton was awarded in accordance with the finding. The Commission decided the rate of compensation should be determined solely under the "other cases" clause of section 13356, supra, notwithstanding the fact that claimant's disability was partly due to permanent partial loss of use of a specific member of the body. The

32

claimant urges that "the State Industrial Commission erred in not awarding this claimant compensation for a **permanent partial disability to his right arm,**" and argues that this cause should be "reversed and remanded to the Industrial Commission, with directions to determine the amount of permanent partial disability to claimant's right arm and hand, and award compensation therefor in addition to the award for permanent partial disability based on decreased earning capacity."

In opposition to the theory advanced by claimant, respondents say that the disability to the specific member "entered into and became a part of the general permanent partial disability," and that compensation in this and other similar cases is properly determined solely upon the decrease of claimant's earning capacity under the "other cases" clause of section 13356, supra.

The question presented is one of law, and requires an analysis and harmonious interpretation of various provisions of section 13356, supra, which govern the amount of compensation properly payable under the Workman's Compensation Act. This section contains a specific disability schedule, which prescribed the method of computing compensation in the event an injury results in the total or partial loss of use of various designated members of the human body. The compensation thus provided is not dependent upon a decrease in earning capacity, and is in lieu of compensation based upon a loss of earning capacity. Thus, if the only disability suffered by an injured workman is a partial loss of use of a specific member, such as the hand or arm, he is entitled to compensation under the specific schedule even though his earning capacity is not decreased by the injury. Conversely, in such a case, he cannot recover more than the amount provided by the specific schedule on the theory that his earning capacity is decreased to such an extent that the compensation provided by the specific injury schedule is inequitable. In other words, the specific disability schedule places an arbitrary and ascertainable value on the designated portions of the human body. However, if the disability suffered extends to portions of the human body not designated in the specific schedule, compensation may properly be awarded under the "other cases" clause, based upon and determined by the decrease of the injured workman's earning capacity. Jones & Spicer et al. v. Wardlow, 164 Okla. 224, 23 P. (2d) 707; Farmers' Co-Op. Ass'n v. Beagley, 158 Okla. 53, 12 P. (2d) 544; White Oak Refining Co. v. Whitehead, 149 Okla. 297, 298 P. 611; Dailey, Crawford &

Pevetoe v. Rand, 155 Okla. 229, 8 P. (2d) 738. The question then arises: What legal effect in determining the rate of compensation should be attached to the fact that a portion of the disability suffered is the loss of, or total or partial loss of use of, a specific member. According to respondent's contention, the disability of the specific member should be treated as a part of a greater disability, and compensation is dependent on and limited by the loss of the injured workman's earning capacity.

In order to test the soundness of the rule which the respondent urges should be adopted, let us assume the existence of a slightly different but none the less possible situation. Let us assume that the blow to the claimant's head in this case had, instead of affecting claimant's arm, caused a total loss of sight in one of claimant's eyes, at the same time affecting other portions of his body to the extent that his earning capacity was decreased, let us say, 10 per cent., and that a very slight portion of the decrease in earning capacity could be attributed to the eye. Would the injured workman be precluded from recovering compensation for the loss of the eye under the specific disability schedule. Or let us assume a hip injury resulting in a total loss of use of a leg. Compensation could be awarded under the "other cases" clause of section 13356, if there was a decrease in earning capacity. White Oak Refining Co. v. Whitehead, supra. But suppose there is no loss of earning capacity due to the particular ability of the injured claimant to earn a livelihood without the use of the leg and hip. Is he to be deprived of compensation for the loss of use of the specific member merely because the injury had the effect of destroying the use of the hip as well as the leg?

These results would, we think, be contrary to the purpose and intent of the Compensation Act. If the proposed rule will not stand the test of extreme cases, it cannot be adopted in the present case, since the soundness of a rule of law should be tested by its possible application to other cases.

The Workman's Compensation Act, as we have previously observed, provides a definite schedule for loss of or loss of use of a specific member of the body, without regard to the effect upon the claimant's earning capacity. It likewise provides for compensation based upon decreased earning capacity in that class of disabilities which are not capable of being classified under the specific schedule. Where the disabilities flowing from the injury are of such a nature that a part of them can be classified under

the specific schedule and a part cannot be so classified, due consideration must be given to provisions of the statute governing both classes of disabilities. This can only be done by the adoption of a rule which takes cognizance of all applicable provisions of the statute in such cases.

After careful consideration, we have decided that the correct rule is that, where an injury to a workman results in permanent partial disability, a part of which disability is manifested by the loss of or partial or total loss of use of a specific member, which last mentioned portion of the disability is capable of classification under the specific disability schedule of section 13356, supra, the other portions of the disability being incapable of such classification, the injured workman is entitled to compensation for the loss of or partial or total loss of use of the specific member without regard to the effect thereof upon his earning capacity, and in addition to such compensation he is entitled to compensation for the unclassified disability under the "other cases" clause of section 13356, supra, in accordance with the effect thereof upon his earning capacity. Since compensation awarded under the specific disability schedule is in lieu of other compensation, the recovery for a loss of earning capacity is limited in such a case to the decrease in earning capacity created by disabilities not capable of being classified under the specific disability schedule.

As applied to this case, claimant is entitled to an award for compensation for a partial loss of use of his right hand or arm, dependent upon the extent of loss of use to be determined by the Commission. He is also entitled to an award for the decrease in his earning capacity, which is not attributable to the partial loss of use of his arm and which is attributable to the disabilities flowing from the injury.

We are not unmindful of the fact that in the cases previously cited in this opinion, as well as in other cases not cited, language appears, which taken literally might be said to conflict with the rule herein announced. The questions presented in those cases, however, were entirely different, and afford the basis of a vivid distinction. Take for example the case of Jones & Spicer et al. v. Wardlow, supra, in which the opinion was prepared for the court by the writer of this opinion. In that case the disability affected the arm, shoulder, side, and back. The question was whether compensation could properly be awarded under the "other cases" clause of the statute. It was held that it could. In so doing, we did not apply the rule

here announced, for the reason the question was not raised that separate award should be made for the partial loss of use of the arm. We deem it unnecessary to burden this opinion with an extended review of the facts and holding in the other cases mentioned, supra, or the cases cited therein. In so far as the language used in those cases may be said to conflict with the rule herein announced, the same is modified.

Since no award was made in this case for the partial loss of use of a member, the case must be referred back to the Commission for further proceedings. And since, in determining the decrease in claimant's earning capacity, the loss of use of the specific member was taken into consideration, the award entered must be vacated.

The other question raised by claimant, namely, the existence of evidence to support the finding of the Commission that claimant still has some earning capacity, will not be discussed since in the further proceedings additional evidence may be produced. We express no opinion on this other than to observe that similar questions have been many times discussed by this court.

The award is vacated and the cause remanded, with direction to proceed in a manner not inconsistent with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and OSBORN, JJ., concur.