734 P.2d 273

**B.Y. NELSON, Plaintiff-Appellant,**

v.

**NELSON CHEMICAL CORPORATION, Employer, and U.S. Insurance Group, Insurer, Defendants-Appellees.**

**No. 9518.**

Court of Appeals of New Mexico.

Feb. 17, 1987.

**494**

Steven J. Vogel, Albuquerque, for plaintiff-appellant.

Richard L. Puglisi, Stephen R. Kotz, Montgomery & Andrews, P.A., Albuquerque, for defendants-appellees.

## OPINION

DONNELLY, Chief Judge.

Plaintiff appeals from the trial court's judgment in a worker's compensation case awarding benefits based upon a scheduled injury, but denying benefits for an alleged aggravation of his pre-existing back injury. Four issues are presented on appeal: (1) whether the court's finding that there was no causal connection between the work-related accident of October 5, 1982, and the aggravation of plaintiff's pre-existing back injury is supported by substantial evidence; (2) whether the court erred in finding that the compensation for the work-related injury to plaintiff's hip is limited to that provided in the scheduled injury section of the Workmen's Compensation Act; (3) whether the court erred in failing to award plaintiff compensation for pain in his back and hip; and (4) whether the court abused its discretion in its award of attorney fees to plaintiff. We affirm in part and reverse in part.

Plaintiff was the president and a director of defendant Nelson Chemical Corporation; defendant corporation supplied soil stabilization chemicals for use in road construction projects. On August 17, 1982, while

working at a job site, plaintiff slipped and fell from a truck, injuring his back and hip. Several months later, on October 5, 1982, plaintiff testified that he again fell from a truck, injuring his back and hip.

The following consists of a summary of pertinent findings of the trial court:

4. Plaintiff sustained a compensable on the job injury on August 17, 1982, when he fell from a truck onto the ground injuring his hip.

5. Plaintiff sustained a compensable on the job injury on October 5, 1982 when he fell from a truck onto the ground injuring his hip.

\* \* \* \* \* \*

13. & 14. Plaintiff has complained of back pain for the past thirty years.

\* \* \* \* \* \*

17. & 20. Following the on the job injury, plaintiff did not complain of back pain to any of his treating physicians until July of 1984. He denied any history of significant back pain in August of that year.

21. When plaintiff saw Dr. Michael McCutcheon on August 13, 1984, he denied any history of significant back pain.

22. The October 1982 on the job injury did not aggravate plaintiff's pre-existing back injury. His current back pain is not the result of any traumatic injury.

23. Plaintiff suffers a 50% impairment to the right leg at or near his hip.

Based on the findings, the trial court denied plaintiff compensation for aggravation of his pre-existing back injury, but did award him compensation for a scheduled injury to his right leg at or near the hip, and attorney fees of $3,000.

## I. ISSUE OF CAUSATION

■ Plaintiff points to the testimony of several doctors that there was a causal connection between the work-related accident of October 5 and the aggravation of his pre-existing back injury. Plaintiff's reliance on this testimony and his accompanying argument, however, fails to acknowledge two well-established rules of appellate review. First, with regard to the deposi-

tion testimony of certain doctors allegedly admitted into evidence, plaintiff has failed to request that the depositions be filed as exhibits in this court or made a part of the record on appeal. Accordingly, we will not consider any of the deposition testimony admitted into evidence which is inconsistent with the trial court's findings. *Berlint v. Bonn*, 102 N.M. 394, 696 P.2d 482 (Ct.App. 1985) (appellant bears burden of insuring that appellate court has record adequate to review issues raised); NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 208(d) (Repl.Pamp.1983). Moreover, even if we were to consider the depositions as well as the trial testimony of the doctors who testified favorably for plaintiff on this question, we would not disturb the court's finding of the absence of any causal connection.

■ Plaintiff concedes that Dr. Michael E. McCutcheon, an orthopedic surgeon, testified that there was no causal connection between the October 5 accident and the aggravation of plaintiff's pre-existing back injury. It is for the trial court, not this court, to determine the weight of the evidence, the credibility of the witnesses, and where the truth lies. *Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). We must view the evidence in the light most favorable to the trial court's findings, and disregard all evidence unfavorable to those findings. *Id.* We will not substitute our judgment for that of the trial court. *Id.* Under these standards of review, there is sufficient evidence to support the court's finding concerning the lack of any causal connection.

## II. SCHEDULED INJURY

Plaintiff contends that the trial court erred in finding that the compensation awarded for the disability to his hip was limited to the scheduled injury section of the Workmen's Compensation Act. We reverse the trial court on this issue. Both parties point to different findings in support of their respective positions on this issue. Neither, however, challenges the sufficiency of the evidence to support these different findings. Accordingly, these unchallenged findings are the facts on appeal.

*Latta v. Harvey*, 67 N.M. 72, 352 P.2d 649 (1960). In support of his position, plaintiff relies on findings nos. 4 and 5; defendants rely on finding no. 23 in support of their position. Although these findings may appear to be inconsistent at first blush, we conclude that they are not. We hold that the court erred in limiting plaintiff to an award of scheduled injury benefits for the injury to his right hip.

Although defendants do not challenge the sufficiency of the evidence to support findings nos. 4 and 5, they point to finding no. 23 and argue that, as a matter of law, the court's award of compensation for a scheduled injury is correct. Defendants take the position that NMSA 1978, Section 52–1–43, the scheduled injury statute, provides that the situs of the resulting impairment, and not the situs of the original injury, is dispositive of whether an injury is a scheduled injury or not. Accordingly, defendants argue that because the trial court found that plaintiff suffers a 50% impairment to the right leg at or near his hip, and did not find any impairment or disability to any other part of the body, the trial court's award should be affirmed. We disagree because defendants' argument fails to consider the appropriate test established in this jurisdiction.

■ The test to be applied in determining whether an injury falls within the scheduled injury provision of the Act is that if a worker is totally disabled *due to an injury*, then he or she is entitled to total disability benefits even if the disability results from the loss or injury to a scheduled member. *Hise Construction v. Candelaria*, 98 N.M. 759, 652 P.2d 1210 (1982); NMSA 1978, § 52–1–41. "For partial disability the workmen's compensation benefits not specifically provided for in Section 52–1–43 * * * shall be that percentage of the benefit payable for total disability, as provided in Section 52–1–41 * * *." NMSA 1978, § 52–1–42. In *Hise Construction*, our supreme court construed the language of Section 52–1–42 to "[require] that *before* a percentage benefit is payable, the injured worker must ascertain that his or her *injury* is not covered under Section

52–1–43 * * *." *Id.* at 760, 652 P.2d at 1211 (emphasis added). *See also Gonzales v. Pecos Valley Packing Co.*, 48 N.M. 185, 193, 146 P.2d 1017, 1021 (1944) (quoting *Dailey v. Pooley Lumber Co.*, 233 Iowa 758, 760, 10 N.W.2d 569, 571 (1943)) ("We have first to determine whether appellee's *injuries* fall within the schedule.") (emphasis added); *Maschio v. Kaiser Steel Corp.*, 100 N.M. 455, 672 P.2d 284 (Ct. App.), *cert. denied*, 100 N.M. 439, 671 P.2d 1150 (1983). The proper test to apply in a case such as this is to first ascertain whether the work-related *injury* is covered by Section 52–1–43. Only if the answer to this threshold question is "yes," should the court go on to determine whether the resulting impairment or disability extends to other parts of the body or otherwise renders the claimant totally disabled. Accordingly, we now turn to the language of Section 52–1–43 in order to determine the answer to the threshold question.

■ Section 52–1–43(A) provides that for disability resulting from an accidental injury, the worker shall receive compensation for a specific number of weeks, following a healing period. Section 52–1–43(B) then lists forty-three specific body parts that are covered by the statute. Of relevance to this case is Subsection 29, which provides for 200 weeks of recovery for an "injury" to "one leg at or near hip joint, so as to preclude the use of an artificial limb[.]" While it is clear that the statute limits compensation for an injury to the leg at or near the hip, it is equally clear that it does not limit the compensation for an injury to the hip itself.

Section 52–1–43(A) states in unequivocal language that scheduled member benefits are paid for "disability resulting from an accidental *injury to specific members* * * *." (Emphasis added.) The hip is not a specific member. Therefore, an injury to the hip is an injury to the body as a whole, even if it results in pain, impairment, etc., to a member, i.e., the leg. This is the plain meaning of the statute.

■ The trial court erred in limiting plaintiff's compensation to that provided in Section 52–1–43. *See Hise Construction;*

*Carter v. Mountain Bell*, 105 N.M. 17, 727 P.2d 956 (Ct.App.1986); *Dailey v. Pooley Lumber Co.; Farmer's Co-op Ass'n v. Beagley*, 158 Okl. 53, 12 P.2d 544 (1932). We reverse the court on this issue and remand with instructions to determine the percentage of partial disability plaintiff suffers as a result of the hip injury. *See* § 52–1–42; *Hise Construction.* The court should take into consideration all relevant evidence in making its determination, including the disabling pain, if any, which plaintiff suffers in his hip. Because the court already determined that plaintiff is not totally disabled within the meaning of the Act, it need not reconsider that finding since plaintiff concedes that his disability does not render him wholly unable to perform all the tasks of his former job, or of any job for which he is fitted.

### III. CLAIM OF DISABLING PAIN

Plaintiff asserts the trial court erred in failing to award compensation for pain suffered in his back and hip. Because we hold that there is sufficient evidence to support the court's finding of no causal connection between the October 5 accident and the aggravation of plaintiff's back injury, we affirm the court's denial of compensation for back pain. However, in view of our reversal on Issue II, above, we remand with instructions to consider to what percentage-extent plaintiff is disabled, taking into consideration the alleged disabling pain which he suffers, if any, as well as other statutory factors. *See* NMSA 1978, § 52–1–25; *Salazar v. Pioneer Paving, Inc.*, 99 N.M. 744, 663 P.2d 1201 (Ct.App. 1983).

As observed in *Perez v. International Minerals & Chemical Corp.*, 95 N.M. 628, 624 P.2d 1025 (Ct.App.1981), nondisabling pain does not constitute a compensable injury; severe pain, however, which does disable a workman and which is attributable to an injury which arose in the scope and course of the worker's employment, is compensable as a disability. *See also Herndon v. Albuquerque Public Schools*, 92 N.M. 635, 593 P.2d 470 (Ct.App.1978); *Gomez v. Hausman Corp.*, 83 N.M. 400, 492 P.2d 1263 (Ct.App.1971).

### IV. AWARD OF ATTORNEY FEES

Lastly, plaintiff complains that the trial court abused its discretion in awarding him attorney fees of only $3,000. Because we reverse the trial court in limiting plaintiff to compensation under the scheduled injury statute, we vacate the award of attorney fees and remand with instructions to reconsider its award of attorney fees to plaintiff. The court should reconsider all *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979), factors, specifically the compensation awarded plaintiff for a partial disability. *See Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 695 P.2d 483 (1985); *Manzanares v. Lerner's, Inc.*, 102 N.M. 391, 696 P.2d 479 (1985); *Board of Education of Espanola Municipal Schools v. Quintana*, 102 N.M. 433, 697 P.2d 116 (1985).

We affirm the trial court's denial of benefits for the aggravation of plaintiff's pre-existing back injury because there is sufficient evidence to support the finding of no causal connection. We reverse the award of scheduled injury benefits for the injury to plaintiff's hip, because such an injury is neither covered nor contemplated by Section 52–1–43. We also vacate the award of attorney fees. We decline to award plaintiff attorney fees for this appeal at this time because the amount of recovery to which he is entitled for a partial disability remains to be determined. In addition to its award of attorney fees for representation below, we direct the trial court to award plaintiff attorney fees for this appeal, in light of its final award of compensation to him. We remand this case with instructions to proceed in a manner not inconsistent with this opinion.

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.