869 P.2d 306

**Mercedes SHAW, Claimant–Appellant,**

v.

**WAL–MART STORES, INC., and National Union Fire Insurance Company, Respondents–Appellees.**

**No. 15041.**

Court of Appeals of New Mexico.

Feb. 1, 1994.

Certiorari Denied Feb. 18, 1994.

Wendell B. Lane, Overstreet & Lane, P.C., Alamogordo, for claimant-appellant.

Robert A. Martin, Bradley & McCulloch, P.A., Albuquerque, for respondents-appellees.

OPINION

PICKARD, Judge.

Worker appeals a decision of the workers' compensation judge denying her claim for an increase in her compensation rate. This Court issued a memorandum opinion reversing the judge's decision. Subsequently, Worker filed a motion requesting that the opinion be published and a motion requesting attorney fees on appeal. On January 10, 1993, we issued an order construing Worker's motions as a motion for rehearing. On January 11, Employer filed a petition for a writ of certiorari in the Supreme Court. Since a motion for rehearing was pending, this Court had not yet taken final action on the case, and Employer's petition did not deprive us of jurisdiction to rule on the motion. *See* SCRA 1986, 12–502(B) (Repl.1992)

(when timely motion for rehearing is filed, final action by Court of Appeals is disposition of the last motion for rehearing that was timely filed). We now withdraw our prior opinion and issue this formal opinion reversing. We also deny Worker's request for attorney fees at this time, but allow the judge below to rule on that request.

This case involves interpretation of NMSA 1978, Section 52–1–20 (Repl.Pamp.1991). The undisputed facts of the case are that Worker was employed at two jobs, working for Employer and as a school bus driver. She was injured while on the job at Employer's place of business. After initially receiving compensation benefits based solely on the wages paid by Employer, Worker filed a claim for increase in benefits. She requested that her average weekly wage, and therefore her benefits, be increased by adding the wages she earned as a school bus driver to the wages she earned from Employer. She relied on *Justiz v. Walgreen's,* 106 N.M. 346, 742 P.2d 1051 (1987). *Justiz* held that in a multiple-job situation, when a work-related injury prevents a worker from performing the duties of either position, Section 52–1–20(C) should normally be applied to include the wages from both positions in calculating the worker's average weekly wage. *Id.* at 348, 742 P.2d at 1053.

In response to Worker's argument, Employer argued that amendments to a different subsection of the statute, Section 52–1–20(B), had legislatively overruled *Justiz.* Employer maintained that when a worker has worked less than twenty-six weeks for a particular employer and suffers a work-related injury while working for that employer, her average weekly wage must be calculated only on the wages earned from that employer and any other wages earned from other employers must be disregarded. Employer relied on language in Section 52–1–20(B)(1) to the effect that when a worker has worked for less than twenty-six weeks in the employment in which the worker was injured, the average weekly wage shall be based on the total wage earned by the worker in that employment, divided by the number of weeks worked in that employment. The judge agreed with Employer's position, and Worker appealed.

In our calendar notice, we proposed to agree with Worker and to reverse the denial of her claim for an increase in benefits. Our proposal was based on several grounds. First, we pointed out that the *Justiz* decision was based on application of Section 52–1–20(C), not Section 52–1–20(B). The legislature did not amend Section 52–1–20(C), except to delete language that allowed the use of that subsection when a worker had not been working long enough to allow a fair computation of the average weekly wage under the prior Section 52–1–20(B). This amendment in turn strengthened our belief that in amending Subsection (B), the legislature was not concerned with the *Justiz* decision at all but was attempting to establish a fair method of computing average weekly wages for occupations in which wages vary over time, depending on the hours worked. We stated that the purpose of the new Subsection (B) appeared to be to prevent workers from being unfairly benefitted by a period of unusually high wages or unfairly prejudiced by a period of unusually low wages just prior to the injury.

Our calendar notice also expressed our opinion that by amending Subsections (B) and (C), the legislature appeared to have been attempting to address the difficulties various courts have experienced in determining average weekly wage when a worker's circumstances have changed at some recent point prior to the injury. *See generally, e.g., Eberline Instrument Corp. v. Felix,* 103 N.M. 422, 708 P.2d 334 (1985); *Salcido v. Transamerica Ins. Group,* 102 N.M. 217, 218–19, 693 P.2d 583, 584–85 (1985); *Griego v. Bag 'N Save Food Emporium,* 109 N.M. 287, 784 P.2d 1030 (Ct.App.1989), *cert. denied,* 109 N.M. 262, 784 P.2d 1005 (1990). As part of Subsection (B), the legislature has mandated that the average wage paid to a worker over the past twenty-six weeks shall be used as the average weekly wage, unless the worker has worked for that employer for fewer than twenty-six weeks—in that case, the worker's total wages divided by the total weeks worked shall be the average weekly wage. The legislature has not, however, in

our opinion, exhibited any intention of overruling the *Justiz* decision.

■ In response to the calendar notice, Employer argues that the language of Subsection (B) is plain and unambiguous—it states that if a worker has been employed with the present employer for less than twenty-six weeks, the average weekly wage is based on the total amount earned from that employer divided by the number of weeks worked. We agree that this language is plain. We do not agree, however, that it applies to situations in which a worker is employed at more than one job. Under *Justiz*, the applicable statutory provision in multiple-job situations is Subsection (C). Under Subsection (C), the earnings from multiple jobs should be considered in determining a worker's average weekly wage if the worker's injury prevents her from performing all of her jobs. *Justiz*, 106 N.M. at 348, 742 P.2d at 1053. The amendments to Subsections (B) and (C) do not affect that analysis. We continue to believe that the amendments address situations in which a worker has periods of unusually high or low wages, and an averaging of those wages is required, or the situation of new employees who have only one employment. Under our interpretation, the amendments relied on by Employer simply mean that wages from a *prior*, not concurrent, employer will not be considered in establishing a worker's compensation rate.

Employer also argues that Subsection (B) refers to "employment" in the singular, and that we must give effect to that language. Our interpretation does so. When only Subsection (B) applies, only the wages from one employer will be considered. When Subsection (C) applies, however, the wages from concurrent employers will be considered.

In sum, we disagree with Employer's position that the amendments to Section 52–1–20, which did not change any of the language relied on by the Supreme Court in *Justiz*, legislatively overruled that case. By amending Subsection (B), the legislature did not intend to restrict a worker holding concurrent jobs to the wages earned at the job leading to the injury. Instead, the legislature intended to make calculation of the average weekly wage more fair and simple. Nothing in the amendments affects the concurrent-employment analysis of *Justiz*. Therefore, for the reasons stated herein, we reverse the decision in this case.

■ Worker has requested attorney fees for her successful appellate challenge to the judge's decision. At this point, however, the case must still be remanded to the Workers' Compensation Administration for calculation of the amount of benefits to which Worker is entitled. Because of this, we decline to rule on Worker's request at this time. *See Nelson v. Nelson Chem. Corp.*, 105 N.M. 493, 497, 734 P.2d 273, 277 (Ct.App.1987). Worker is free to request attorney fees from the judge below, and in calculating those fees the judge shall consider Worker's success on appeal. *See id.*

IT IS SO ORDERED.

CHAVEZ and FLORES, JJ., concur.