**Norma PICKETT, Petitioner,**

v.

**OKLAHOMA DEPARTMENT OF HUMAN SERVICES and the Workers' Compensation Court, Respondents.**

No. 87506.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 10, 1996.

Opinion Ordered Published Jan. 21, 1997.

Michael T. Braswell, Oklahoma City, for Petitioner.

David Custar, State Insurance Fund, Oklahoma City, for Respondents.

### MEMORANDUM OPINION

JOPLIN, Judge:

Petitioner Norma Pickett (Claimant) seeks review of the trial court's order denying her motion to reopen as time-barred by 85 O.S. 1991 § 43(C). Herein, Claimant asserts (1) she timely filed her motion to reopen and amendment thereto as to previously adjudicated injuries to both leg and back, and (2) the applicable statute of limitations was tolled by provision of medical treatment by Respondent Oklahoma Department of Human Services (Employer).

In March 1984, Claimant sustained compensable on-the-job injury to back, left hip, left leg (knee) and right ankle. On July 30, 1985 the workers' compensation trial court awarded benefits for six percent (6%) permanent partial disability (PPD) to the body as a whole due to injury to the left hip, eight percent (8%) PPD to the right ankle and five percent (5%) PPD to the left leg (knee), while finding no PPD to Claimant's back as a result of the injury.

Claimant subsequently sought to reopen, asserting change of condition for the worse. In June 1987, the trial court determined that Claimant had sustained a change of condition for the worse, and found Claimant again temporarily and totally disabled as a result of her original injuries. On December 4, 1989, the trial court awarded Claimant benefits for an additional twenty-five percent (25%) PPD to left leg (knee), seventeen percent (17%) PPD to the body as a whole due to injury to back, and five percent (5%) PPD to the body as a whole due to psychological overlay, with no increase in disability to left hip or right ankle.

On July 27, 1995, Claimant filed a Form 9, again seeking to reopen, and alleging "knee surgery required for left knee." On February 6, 1996, the matter came on for hearing, whereat Claimant and Employer submitted briefs on the statute of limitations issue, yet we have no transcript of those proceedings before us. On April 30, 1995, the trial court issued its order denying Claimant's motion to reopen, finding that Claimant had 250 weeks since the last order to file a motion to reopen on the knee injury, and that Claimant's Form 9 motion to reopen filed 292 weeks after the December 1989 order was accordingly untimely. Claimant now appeals.

■ In one proposition, Claimant asserts that under 85 O.S.1991 § 28, when faced with a change of condition the Workers' Compensation "Court may at any time review any award," and that the "at any time" language of § 28 controls over the specific limitations periods established by 85 O.S. § 43(C). These sections provide in pertinent part:

> Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Court may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, ....

85 O.S. § 28.

C. The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for that period of time measured by the maximum number of weeks that could be awarded for the particular scheduled member where the change of condition occurred, or for three hundred (300) weeks in the case of injuries to the body or injuries not otherwise scheduled under the provisions of Section 22 of this title, and unless filed within said period of time after

the date of the last order, shall be forever barred.

85 O.S. § 43(C).

On this issue, we disagree with Claimant for two reasons. First, where two statutes arguably deal with the same subject matter, one specific and one general, the specific statute controls. *See, e.g., City of Tulsa v. Smittle,* 702 P.2d 367 (Okla.1985). Second, later-enacted legislation, as the most recent expression of legislative will, controls over earlier-enacted provisions, and the later-enacted statute operates as a repeal of the former to the extent of repugnancy. *See, e.g., Poafpybitty v. Skelly Oil Co.,* 394 P.2d 515 (Okla.1964). Under these authorities, we hold § 43(C), being the specific and latest pronouncement of the Oklahoma legislature on the issue, governs and controls the periods in which to seek reopening of the case to the exclusion of the § 28 "at any time" language. We therefore reject Claimant's third proposition.

In another proposition, Claimant asserts that Employer's provision of continuing medical treatment in accord with the December 1989 order granting additional benefits for increased PPD tolled any applicable limitations period. In support of this argument, Claimant cites cases decided under previous versions of § 43, where by virtue of the employer's *voluntary* payment of medical expenses, the employer was held to have *waived* the right to insist on the timely *initial commencement* of a workers compensation claim. *See, e.g., Mertz, Inc. v. Gulley,* 663 P.2d 753 (Okla.App.1983); *Cinderella Motor Hotel, Inc. v. Wallace,* 506 P.2d 556 (Okla.1973). In that regard, Claimant cites, and we find, no Oklahoma authority applying the "medical treatment" rule to toll the limitation period prescribed by § 43(C) for commencement of a reopening proceeding. Indeed, if it is the employer's *voluntary* assumption of the responsibility for paying an injured employee's medical bills which triggers the waiver rule, it could hardly be said that an employer who pays medical or disability benefits *pursuant to a workers compensation court order* has *voluntarily* assumed any responsibilities inconsistent with his right to insist on timely commencement

of the claim. We consequently hold Employer herein did not waive assertion of the limitation defense by payment of Claimant's medical or disability benefits, and further hold the periods prescribed by § 43(C) for commencement of a reopening proceeding not tolled thereby.

In another proposition, Claimant asserts, in essence, that because the trial court in December 1989 found Claimant had sustained an "injur[y] to the body or injur[y] not otherwise scheduled under the provisions of Section 22," i.e., a "whole body" disability from injury to back, Claimant could rightfully take advantage of the 300 week limitation period of § 43(C), and that she is not bound by the period established by "the maximum number of weeks that could be awarded for the particular scheduled member," in this case under § 22(3), 250 weeks for the loss of a leg. Employer responds, arguing that the Oklahoma legislature has clearly expressed a specific limitation period for reopening proceedings related to scheduled member injuries, and that Claimant sought to reopen *only* as to her leg (knee) injury; thus, says Employer, because Claimant did not seek to reopen as to her leg (knee) injury within 250 weeks of the last order, and did not seek to reopen as to her back injury, Claimant may not take advantage of the 300 week "other cases" period, and her reopen claim is time-barred.

On this point, we agree with Employer. As a matter of statutory construction, we must presume the legislature "expressed what it intended, and intended what it expressed" when it set out in § 43(C) a limitation period for commencement of reopening proceedings relating to scheduled members different from that for commencement of reopening proceedings relating to other than scheduled members. *See, e.g., Cable Vision of Muskogee v. Tracy,* 876 P.2d 743, 746 (Okla.App.1994). While Claimant cites cases holding that disabilities to scheduled and unscheduled members may be combined for purposes of determining degree of permanent disability, either partial or total, the parties again cite and we find no cases decided under the current version of § 43(C) which permit combination of injuries to

scheduled and unscheduled members for purposes of determining the proper limitation period applicable to a motion to reopen. *Cf., Jones & Spicer v. Wardlow,* 164 Okla. 224, 23 P.2d 707 (1933); *Hyde Const. Co. v. O'Kelley,* 164 Okla. 149, 23 P.2d 155 (1933). Accordingly, we hold Claimant, having sought reopening only as to her injury to leg (knee), i.e., a scheduled member, bound by the filing period prescribed by § 43(C) for reopening of scheduled member claims, and conclude the trial court did not err in so holding.

In a related proposition, Claimant asserts that she timely amended her Form 9 to add a claim for change of condition to back, that the amendment relates back to the Form 9 motion to reopen as to leg, and consequently, the motion to reopen was timely filed within the 300 week "other cases" limitation period. However, we find no such amended Form 9 included in the record on appeal. In this particular, Rule 19, Workers' Compensation Court Rules, 85 O.S.1991, Ch. 4, App., proscribes filing of amendments to pleadings within twenty (20) days of the date set for trial, and it appears from Claimant's brief that she did not submit her attempted amendment until shortly before hearing.

Under these circumstances, and absent a transcript of proceedings or other record, it would therefore appear that the trial court at least tacitly rejected Claimant's attempted amendment. Moreover, in the absence of an appellate record demonstrating error of the trial court either in rejecting Claimant's attempted amendment or in refusing to relate the amendment back to the date of filing of the subject motion to reopen, we reject this proposition. *See, e.g., Chamberlin v. Chamberlin,* 720 P.2d 721 (Okla.1986) ("It is the duty of the appealing party to procure a record that is sufficient to obtain the corrective relief sought"); *Eckel v. Adair,* 698 P.2d 921 (Okla.1984) ("Error may not be presumed from a silent record. It must be affirmatively demonstrated"); *Hamid v. Sew Original,* 645 P.2d 496 (Okla.1982) ("Legal error may not be presumed in an appellate court from a silent record. . . . Absent a record showing otherwise, this court presumes that the trial court did not err").

Timely filing of a motion to reopen is jurisdictional under the express language of § 43(C), and without jurisdiction the Workers' Compensation Court may not act. Claimant did not timely file her motion to reopen as to her scheduled member injury, and accordingly did not invoke the Workers' Compensation Court's jurisdiction. We therefore hold the trial court did not err in denying her claim for untimely filing of the Form 9 motion to reopen. The trial court's order should be and hereby is therefore SUSTAINED.

HANSEN, P.J., and BUETTNER, J., concur.