Dear Representative Braddock,
¶ 0 This office has received your request for an Attorney General Opinion in which you have asked the following question:
Does a planning commission created by a municipality which ispart of a city-county cooperative metropolitan area planningcommission have the authority pursuant to Section 866.2 of Title19 of the Oklahoma Statutes to act independently and exerciseauthority in planning and zoning matters within the boundaries ofthe municipality, or does Section 866.33 of Title 19 of theOklahoma Statutes dictate that exclusive control in such mattersbelongs to the metropolitan area planning commission?
¶ 1 You have inquired about two particular statutes, both within Title 19, authorizing the creation of a "Metropolitan Area Planning Commission." Section 866.2 reads:
 In any county of the state authorized to avail itself of the provisions of this act and form with a city located therein a cooperative planning commission, such city is hereby empowered to adopt, amend, extend, add to or carry out a comprehensive plan for such city under the authority of existing statutes and laws and in addition is hereby authorized to establish a housing code in accordance with the provisions hereinafter set forth in this act, and it may also perform any additional urban planning which is needed including, but not limited to, surveys, land use studies, urban renewal plans, conservation plans, technical service and other planning work.
 Such county is hereby granted authority to establish zoning regulations, a building code and construction codes and a housing code in accordance with the provisions of this act for all the area located within three (3) miles of such municipality or within one-fourth (1/4) mile of any state or federal highway located anywhere in the county, or within one-half (1/2) mile of any water supply or reservoir owned by the municipality, excluding, however, any incorporated area, except as hereinafter provided; and further provided that such county is hereby granted authority to adopt, amend, extend, add to or carry out within the jurisdictional limits as provided by this act, excluding, however, any incorporated area and any unincorporated town which has been platted for more than ten (10) years, except as hereinafter provided, all additional elements of a comprehensive plan including, but not limited to, plans for major streets and highways and other elements of water, rail, air and land transportation plans, public facilities plans, capital improvement programs, uniform regulations for land subdivision and for the improvements located thereon, building line regulations, urban renewal plans and conservation plans. However, the provisions of this section shall not be construed to prohibit a municipality in a Metropolitan Area Planning Commission from creating its own separate planning commission to act within the boundary of the municipality.
19 O.S. 1991, § 866.2[19-866.2] (emphasis added).
¶ 2 Section 866.33 reads:
 From and after the time such [Metropolitan Area Planning] Commission is constituted by the cooperating governmental units, it shall have exclusive control for the purposes herein provided over the territory within such city and the unincorporated areas of the county to the exclusion of any other planning and zoning agency, excepting therefrom any City or County Boards of Adjustment.
The now existing City Planning Commission shall transfer to this Commission upon its activation all records, resolutions, maps, charts, plats and other descriptive matter which said City Planning Commission shall have in their possession.
19 O.S. 1991, § 866.33[19-866.33] (emphasis added).
¶ 3 The language in Section 866.2 expressly provides that a separate planning commission can be established by a municipality, and that planning commission can be empowered to act within its own boundaries. However, the language in Section 866.33 suggests that, if such a planning commission were established, it would be powerless to act separately. It therefore appears there is a conflict between the two sections.
¶ 4 Resorting to the history of the statutes helps resolve the conflict. Both statutory provisions were enacted in 1957. Section 866.33 has not been amended; however, Section 866.2 was last amended in 1985. In that 1985 amendment, the Legislature added the provision (emphasized above) that this section should "not be construed to prohibit a municipality in a Metropolitan Area Planning Commission from creating its own separate planning commission." 1985 Okla. Sess. Laws ch. 33, § 1.
¶ 5 In determining the intent of the Legislature, if there is a conflict between two sections of an act, the provisions of a later statute prevail over those of an earlier one. Boice v.State, 473 P.2d 241, 245 (Okla. 1970); Pickett v. OklahomaDepartment of Human Services, 932 P.2d 543, 545 (Okla.Ct.App. 1996). Therefore, one must conclude under this basic principle of statutory construction that the Legislature, with this revision, intended a municipality to have the authority to enact a "separate" planning commission which, in the plain language of the statute, has the authority "to act within the boundary of the municipality." 19 O.S. 1991, § 866.2[19-866.2]. This is strengthened by a 1997 legislative amendment to Section 866.5, which deleted language from the original statute requiring a municipality to dissolve its own city planning commission before a metropolitan area planning commission could take effect. See 1997 Okla. Sess. Laws ch. 340, § 2; 19 O.S. Supp. 1997, § 866.5[19-866.5].
¶ 6 As to whether the city planning commission must be subservient to the metropolitan area planning commission, as suggested by Section 866.33, one must turn to the language in the amended portion of Section 866.2 to determine legislative intent. In examining this language, we do so with the directive that words in a statute "are to be understood in their ordinary sense," unless "a contrary intention plainly appears." 25 O.S.1991, § 1[25-1].
¶ 7 The amended portion of the statute uses the word "separate," an adjective which commonly means "existing by itself," "not shared with another," or "standing alone." Webster's Third New International Dictionary 2069 (1993). Use of this word in the amended statutory language indicates a legislative intent that the two are not required to act jointly.
¶ 8 The Legislature also used the verb "to act." That term commonly means "to carry into effect," "exert power or influence," or "discharge the duties of a specified office."Id. at 20. That a city planning commission can "act" within its own boundaries is evidenced by powers given a municipality in 11O.S. 1991, §§ 45-103[11-45-103] and 45-104 (giving commission power to "consider and investigate any subject matter tending to the development and betterment of the municipality"; requiring action by the planning commission before plans, plats or replats can be filed; giving commission authority to "exercise jurisdiction over subdivision of land and adopt regulations governing" such subdivisions).
¶ 9 Therefore, from the language in the amended portion of 19O.S. 1991, § 866.2[19-866.2], one must conclude a municipal planning commission is separate and apart from a metropolitan area planning commission, and is empowered to act independently of a metropolitan area planning commission.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A planning commission created by a municipality has theauthority under 19 O.S. 1991, § 866.2[19-866.2] and 11 O.S. 1991, §§45-101[11-45-101] through 45-104 of the Oklahoma Statutes to actindependently of a metropolitan area planning commission createdby 19 O.S. 1991 and Supp. 1997, §§ 866.1 through 866.35, andexercise authority in planning and zoning matters within theboundaries of the municipality.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL